Lipscomb, Plaintiff in error, vs. The State, Defendant in error.

*November 14—December 4, 1906.*

*Criminal law: Robbery: Assault with intent to rob: Evidence: Information: Sufficiency: Statutes: Pleading: Variance: Instructions to jury: Dangerous weapons.*

1. In a criminal prosecution for an assault with intent to rob, the evidence, stated in the opinion, is *held* to sustain a verdict of guilty.

2. The elements of the crime at which sec. 4375, Stats. 1898, is directed are: (1) assault; (2) actual robbery; (3) being armed with a dangerous weapon; and (4) intent, if resisted, to kill or maim, or, in lieu of this intent, actual wounding or striking. Hence an information charging that the defendant feloniously assaulted the complaining witness and put him in fear and actually robbed him, specifying an amount, the defendant being armed with a dangerous weapon, to wit, a revolver, wholly omits the fourth element and does not charge the crime defined by that section.

3. Such information does, however, charge the crime defined by sec. 4376, Stats. 1898 (providing that any person being armed with a dangerous weapon who shall assault another with intent to rob or murder shall be punished).

4. Although such information charged actual robbery instead of intent and was followed by a verdict of guilty, there is no prejudicial variance between the statute, the information, and the verdict, since, while the information charged more than the statute required, it in legal effect charged also all that the statute and verdict covered.

5. In a criminal prosecution for assault with intent to rob being armed with a dangerous weapon, the court stated in its charge that no one had given any testimony upon the question whether the defendant was armed at a specified time and place. *Held*, that testimony of the defendant that he had no revolver on the night in question did not render such statement erroneous, since the jury must have understood the charge as referring to absence of specific testimony, and not that defendant's testimony was untrue or not to be considered.

6. An empty revolver merely pointed at a person, and not used to strike with, is not a dangerous weapon, however much the person at whom it is pointed may be put in fear.

7. A loaded revolver pointed at a person within shooting distance is a dangerous weapon as a matter of law.

8. In a criminal prosecution when the state proves that a gun or revolver was pointed at a person within shooting distance with a threat or other words indicating intention to fire, the person assailed not knowing but that it is loaded, the state has made *prima facie* proof that the gun or revolver was loaded and consequently a dangerous weapon.

9. Such facts, if proven beyond a reasonable doubt, conclusively establish an assault, are *prima facie* proof that the assault was committed with a dangerous weapon, and it then devolves upon the defendant to show that the weapon was not loaded in order to meet the presumption that it was loaded.

10. In a criminal prosecution for an assault with intent to rob being armed with a dangerous weapon, there was no direct proof that the revolver was loaded, and instructions to the jury, stated in the opinion, are *held* erroneous in omitting any proper instruction as to what constituted a dangerous weapon, and in stating that if the revolver, as used, was the means by which the complaining witness was compelled to submit to the robbery, it was thereby shown to be a dangerous weapon.

11. In such criminal prosecution it was error to refuse a requested instruction: "You are instructed that if you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence, you should do so, and in that case acquit the defendant," such instruction not having been covered by the general charge.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Reversed.*

For the plaintiff in error there was a brief by *W. E. & F. P. Burke,* and oral argument by *W. E. Burke.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* state law examiner, and oral argument by *Mr. Messerschmidt.*

WINSLOW, J.   The plaintiff in error (hereafter called the defendant) was convicted in the municipal court of Milwaukee county of assault upon one Fred Seifert with intent to rob, being armed with a dangerous weapon, and was sentenced to imprisonment in the state prison therefor, and prosecutes this writ of error to reverse the judgment.

The defendant's first contention is that the verdict is con-

trary to the evidence. It is undisputed that the defendant and the complaining witness Seifert were together from about 7 o'clock in the evening of December 20, 1905, until nearly morning, going from saloon to saloon in the city of Milwaukee and drinking; that when they first met defendant had only $1.40 and Seifert had a check for $15; that after drinking at Adam Smith's saloon they went to a small tailor shop where defendant bought a suit of clothes for $2.75 and put them on; that Seifert got his check cashed and loaned defendant $1.35, to pay the balance for the clothes, and that they spent the rest of the night at various saloons, winding up at the saloon of one Ward in the early morning hours, at which place defendant had a five-dollar bill and paid for the drinks. Seifert testified that when they were near the corner of Thirty-third street and Sycamore the defendant drew a pistol and leveled it at him, threatening to shoot, and demanded his money, and went through his pockets and took all the money in them, and afterwards threatened to kill him if he told any one, and compelled him to go with the defendant a considerable distance in the direction of the Ward saloon, and, when under a viaduct, searched the clothes of the complaining witness for money, but found none. The defendant admits substantially the wanderings of the night, but denies that he robbed Seifert or that he had any pistol, and alleges that Seifert gave him the $5 to treat with. There was some evidence tending to show that defendant left the city for several days after the occurrence, for the purpose of avoiding the officers, and it also appeared that the defendant was previously convicted of larceny. While the foregoing is a very condensed statement of the material evidence, it is not considered that it would be profitable to enter into further details. It must be sufficient to say that after careful perusal we are unable to say that the verdict is not sustained by the evidence.

It is next contended that the verdict found the defendant

guilty of a crime not charged in the information. The information charged in brief that the defendant feloniously assaulted Seifert and put him in fear and actually robbed him of $13, he (the defendant) being armed with a dangerous weapon, to wit, a loaded revolver. It is argued that the information charged a crime under sec. 4375, Stats. 1898, which provides as follows:

"Any person who shall assault another and shall feloniously rob, steal or take from his person any money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed, or being so armed, who shall wound or strike the person robbed, shall be punished by imprisonment in the state prison not more than ten years nor less than three years."

It will be seen that the crime at which this section is directed contains four distinct elements, viz.: (1) Assault; (2) actual robbery; (3) being armed with a dangerous weapon; and (4) intent if resisted to kill or maim, or, in lieu of this intent, actual wounding or striking. The fourth element is wholly lacking in the present information, and hence it cannot be held to charge the crime defined by this section. It does, however, charge the crime defined by sec. 4376, Stats. 1898, and of which the defendant was convicted. This section is as follows:

"Any person being armed with a dangerous weapon who shall assault another with intent to rob or murder shall be punished by imprisonment in the state prison not more than fifteen years nor less than one year."

It is true that the present information charged actual robbery instead of intent, but, as actual robbery always includes intent, there is no prejudicial variance between the statute, the information, and the verdict. The information charged more than the statute required, but in legal effect it charged also all that the statute or the verdict covered.

The trial judge in the course of his charge said to the jury

that no one gave any testimony upon the question whether the defendant was armed when he was at the tailor shop. This is complained of as an error because the defendant testified that he had no gun that night at all. This evidence, however, was a mere general statement covering the whole evening. As a matter of fact no one did give any specific testimony as to the presence or absence of a weapon at the tailor shop, and we entertain no doubt but that the jury must have understood the charge as referring to this lack of specific testimony, and did not understand it to charge that the defendant's general statement was untrue or was not to be considered.

The serious difficulty in the case, however, arises upon the charge of the court upon the question of what constitutes a dangerous weapon. It is an essential element of the crime of which the defendant was convicted that he be armed with a dangerous weapon. An empty revolver merely pointed at a person, and not used to strike with, is not a dangerous weapon, however much the person at whom it is pointed may be put in fear. A loaded revolver pointed at a person within shooting distance is a dangerous weapon as matter of law. This does not mean that it was necessary in the present case for the state to introduce proof that some person loaded the revolver or saw the cartridges in it. Under the weight of authority, when the state proves that a gun or revolver was pointed at a person within shooting distance with a threat or other words indicating intention to fire, the person assailed not knowing but that it is loaded, the state has made *prima facie* proof that the gun or revolver is loaded and consequently a dangerous weapon. *State v. Herron,* 12 Mont. 230, 29 Pac. 819; *State v. Cherry,* 11 Ired. Law, 475; *State v. Shepard,* 10 Iowa, 126; *Beach v. Hancock,* 27 N. H. 223; *Crow v. State,* 41 Tex. 468.

These facts if proven beyond reasonable doubt conclusively establish an assault, and are *prima facie* proof that the as-

sault was committed with a dangerous weapon. If such pointing be admitted by the defendant it devolves upon him to show that the weapon was not loaded in order to meet the presumption that the revolver was loaded. See authorities cited above. The case of *Nevada v. Napper*, 6 Nev. 113, holding to the contrary, seems to stand practically alone and is disapproved. In the present case there was no direct proof that the revolver was loaded, but this was an essential element of the crime of which the defendant was convicted, hence the jury should have been carefully told what facts would justify them in finding that the revolver as used was a dangerous weapon; *i. e.* that it was loaded. The only instructions given which refer at all to this question were the following:

"If you find from the evidence in this case beyond a reasonable doubt that at the time and place charged, the defendant made an assault upon Seifert with a revolver, that he then and there had a revolver in his hand which he aimed and pointed at Seifert, and that Seifert then and there believed it to be loaded—I think the testimony does not show whether or not it was,—and further find that this revolver which Seifert believed to be loaded was the means of putting him in fear and overcoming and compelling him to deliver up his money, then you may consider the question as to whether the revolver as used was or was not. a dangerous weapon. . . . In order to find the defendant guilty under this section [4378] you have not got to find that Seifert committed any falsehood in this case at all. Mr. Seifert has not testified, as I understand it, in this case that that revolver was loaded; the simple question is for you to determine under the first question, whether the revolver as used, if it was used, was the means and force by which he was compelled to submit to the robbery, and therefore a dangerous weapon."

Careful reading of these instructions shows that not only was no proper instruction given on the question, but that a positively erroneous instruction was given, namely, that if the revolver, as used, was the means by which Seifert was

compelled to submit to the robbery it was thereby shown to be a dangerous weapon. This instruction was properly excepted to, and, as it was positively erroneous, a reversal of the judgment must follow.

The defendant asked · that the following instruction be given, but it was refused:

"You are instructed that if you can reconcile the evidence before you upon any reasonable hypothesis consistent with defendant's innocence, you should do so, and in that case acquit the defendant."

This is a correct and familiar principle and was not covered by the general charge, and should have been given.

*By the Court.*—Judgment reversed, and action remanded for a new trial. The warden of the state prison at Waupun will surrender the defendant's person to the custody of the sheriff of Milwaukee county to be by him held to abide the further order or judgment of the court.