GABE COPELAND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 22, 1919.

1. The better practice in drawing an indictment for an offense predicated upon a statute is to follow the language of the statute in describing the offense, but the use of different and additional words employed in the indictment in this case will not be held to render it fatally defective.

2. Testimony examined and found to be sufficient to support the verdict.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment affirmed.

*S. K. Gillis,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Plaintiff in error, Gabe Copeland, who will hereafter be referred to as the defendant, and John Tyrus were jointly indicted upon a charge of assault with intent to rape a female person over the age of ten years. Upon a trial of the case the following verdict was rendered :

"We the jury find defendant, Gabe Copeland, guilty as charged and ask the court to give him as light sentence as possible.

                              "H. Thornber, Foreman.

"We the jury find the defendant, John Tyrus, not guilty.

                              "H. Thornber, Foreman."

Thereupon the defendant was sentenced to serve a term of less than one year in the State Prison.

Two questions are presented by the assignments of error. The first contention is that the indictment is bad and that there is error in the trial court's order overruling defendant's motion to quash the indictment. This contention can not be sustained. The better practice would be in drawing indictments for offenses predicated upon this statute to more nearly follow the language of the statute in describing the offense, but the use of different and additional words employed in this indictment will not be held to render it fatally defective and require a reversal of the judgment because of the refusal of the trial judge to grant the motion to quash.

The other question is the alleged insufficiency of the evidence to support the verdict. The evidence is not

wholly satisfactory, and that fact no doubt explains the unusual verdict and sentence given defendant. It is not often that a verdict is rendered in the prosecution of a negro charging an assault upon a white girl, finding such defendant guilty, in which the request is made by the jury that the defendant be given "as light sentence as possible." However, after a careful consideration of the evidence, we think there is sufficient competent legal evidence in the record to support the verdict. It has the sanction of the trial judge who saw and heard all the witnesses testify, and there is nothing to suggest that the jury hearing the case were influenced by consideration outside the evidence.

There is nothing unusual in the evidence so that a statement or discussion of it would serve no useful purpose. The parties are familiar with it, and since it is not likely that another case will arise in which the facts will exactly correspond to the facts in this case, it is not likely that it can be used as a precedent on this point in the future.

The judgment will be affirmed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

ELLIS, J., dissenting.—I think there is no evidence whatsoever to sustain this verdict. The testimony of the prosecutrix does not show that the defendant ever came close enough to her to commit an assault upon her.