SAMUEL HABERSHAM, *Plaintiff in Error* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 10, 1920.

1. Whatever may be the rule for alleging the common law crime of burglary, an information alleging the offense subtantially as defined by the statute, is sufficient where the nature and cause of the accusation as made could not reasonably mislead or embarrass the accused in concerting his defense.

2. Where there is ample evidence to sustain a conviction and no material or harmful errors of law or procedure appear, the judgment will be affirmed.

A Writ of Error to the Criminal Court of Record for Dade County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Gautier & Riley,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD. J.—The information herein alleges "that Samuel Habersham, laborer, late of the County of Dade and State of Florida, on the 20th day of December, in the year of our Lord one thousand nine hundred and nineteen, in the county and State aforesaid, did then and there break and enter a certain dwelling house, to-wit, the dwelling house of one John Frohock, situated in Miami, Dade County, Florida, and known and designated as 329 Eighth Street, a more particular description of which said dwelling house being to the County Solicitor unknown, with intent then and there to commit a felony, to-wit, with intent then and there to take, steal, and carry away money, goods, and chattels therein being of the value of more than Twenty Dollars ($20.00), of the money, goods, and chattels of the said John Frohock, a more particular description of which said money, goods and chattels being to the County Solicitor unknown, the said Samuel Habersham being then and there armed with a dangerous weapon, to-wit, an automatic revolver, a more particular description of which said revolver being to the County Solicitor unknown, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The statute defining the offense is as follows:

16—Vol. 80

"Whoever breaks and enters a dwelling house, or any building or structure within the curtilage of a dwelling house though not forming a part thereof, with intent to commit a felony, or after having entered with such intent breaks such dwelling house or other building or structure aforesaid, if he be armed with a dangerous weapon, or have with him any nitro-glycerine, dynamite, gunpowder or other high explosive at the time of breaking and entering, or if he arm himself with a dangerous weapon, or take into his possession any such high explosive within such building, or if he make an assault upon any person lawfully therein, shall be punished by imprisonment in the State prison for life, or for such term of years as may be determined by the court.

"If the offender be not armed, nor arm himself with a dangerous weapon as aforesaid, nor have with him nor take into his possession any high explosive as aforesaid, nor make an assault upon any person lawfully in said building, he shall be punished by imprisonment in the State prison not exceeding twenty years." §3281 Gen. Stats. 1906. On writ of error taken to a judgment under this statute, it argued that the information should have been quashed on the motion made, because the breaking and entering is not alleged to have been done "either unlawfully, feloniously or burglariously."

Whatever may be the rule for alleging the common law crime of burglary, the prosecution here is under the statute and as the information substantially alleges the offense defined by the statute, the use of other words was unnecessary when the allegations clearly state the nature and cause of the accusation and could not reasonably mislead or embarrass the accused in concerting his defense. The allegation that the defendant was

"armed with a dangerous weapon, to-wit, an automatic revolver," is sufficient, as the dangerous character of the weapon may be shown under the allegation.

There is ample evidence to sustain the conviction of the statutory offense charged and no material or harmful errors of law or procedure appear.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.