GEORGE RICHARDS and WILLIAM Y. FERRIS, *Petitioners,* v. NATHAN MAYO, as Custodian of State Prison, *Respondent.*

146 So. 94.

Opinion filed February 15, 1933.

*D. M. Martin* and *E. P. Martin,* for Petitioners;

*Cary D. Landis, Attorney General,* and *M. C. Scofield, State Attorney,* for Respondent.

PER CURIAM.—Upon writ of habeas corpus, petitioners seek release from custody after serving a part of the sentence imposed upon a plea of guilty to the following indictment:

"In the Circuit Court of the Twenty-fourth Judicial Circuit of Florida: IN AND FOR CITRUS COUNTY: FALL term A. D. 1931.

"In the Name and by the Authority of the State of Florida:

"The Grand Jurors of the State of Florida, duly chosen, empaneled and sworn diligently to inquire and true pre-

sentment make in and for the body of the County of Citrus, upon their oath present that, George Richards late of said county, on the 18th day of October, A. D. 1931, in the County and State aforesaid: did unlawfully and feloniously make an assault entered upon one Aubrey Hornsby with the intent the monies, goods and chattels of one W. L. Owens, the same being in the Custody of him the said Aubrey Hornsby, and against the Will of him the said Hornsby, then and there unlawfully, feloniously and violently to steal, take and carry away, the said George Richards being then and there armed with a dangerous weapon, to-wit, a pistol, then and there loaded with gun powder and leaden bullets, and that one William Y. Ferris and one John E. Lee were then and there present and did unlawfully aid, abet, counsel, procure and encourage the said George Richards the felony aforesaid in the manner and form aforesaid to do and commit,

"Contrary to the Statute in such case made and provided and against the peace and dignity of the State of Florida.

"M. C. Scofield,
"State Attorney of the
Twenty-Fourth Judicial Circuit of Florida"

The record contains the following:

"State of Florida v. George Richards, William Y. Ferris, and John E. Lee.

"Assault with intent to rob and accessories thereto."

"Nov. 10, 1931, Each Deft., to-wit: George Richards & William Y. Ferris present in open Court arraigned & plead guilty. The Defendant John E. Lee, not present, & not arraigned.

"Nov. 14, 1931. Wherefore it is the judgment that the Defendant George Richards & The Defendant William Y. Ferris are each guilty as charged.

"It is the sentence of the law that you George Richards, be confined in the State Penitentiary for a period of three years, at hard labor.

"It is the sentence of the law that you William Y. Ferris be confined at hard labor in the State Penitentiary for a period of two years.

"FRED L. STRINGER, <em>Judge.</em>"

It is contended that the indictment wholly fails to allege any crime under the laws of Florida and that the petitioners are entitled to a release from imprisonment under the convictions and sentences notwithstanding their pleas of guilty. See 29 C. J. 43.

The statutes contain the following sections:

"Whoever assaults another and feloniously robs, steals and takes from his person or custody, money or other property which may be the subject of larceny, such robber being armed with a dangerous weapon, with the intent if resisted to kill or maim the person robbed, or, being so armed, wound or strike the person robbed, shall be punished by imprisonment in the State prison for a term of years or life imprisonment in the State prison in the discretion of the Court for and during a term of his natural life."

Section 7157 (5055), Compiled General Laws, as amended by Section 1, Chapter 13729, Acts of 1929:

"Whoever by force, violence of assault, or putting in fear, feloniously robs, steals and takes from the person of another money or other property, which may be the subject of larceny (such robber not being armed with a dangerous weapon), shall be punished by imprisonment in the State prison not exceeding fifteen years." Section 7158 (5056), Compiled General Laws.

There is no statutory definition of robbery in this State other than the above.

"Robbery at common law is defined as the felonious taking of money or goods of value from the person of another or in his presence, against his will, by violence or putting him in fear. 23 R. C. L., p. 1139." Pippin v. State, 102 Fla. 1124, 136 So. 883.

"Robbery, at common law, is the felonious taking, without a *bona fide* claim of right, of a thing of value from the person or presence of another, against his will, by force or by putting him in fear." Am. & Eng. Enc. Law (2nd Ed.) p. 991; 54 C. J. 1007.

The statutes provide that:

"Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." Section 7165 (5063), Compiled General Laws.

"The common law of England in relation to crimes, except so far as the same relates to the modes and degrees of punishment, shall be of full force in this State where there is no existing provisions by statute on the subject." Sec. 7126 (5024), C. G. L.

"When there exists no such provision by statute, the court shall proceed to punish such offense by fine or imprisonment, or both, but the fine shall not exceed five hundred dollars, nor the imprisonment twelve months." Sec. 7127 (5025), C. G. L."

The indictment here is not for an assault with intent to commit robbery, but for "an assault upon one Aubrey Hornsby with the intent the monies, goods and chattels of one W. L. Owens, the same being in the custody of him

the said Aubrey Hornsby, and against the will of him the said Aubrey Hornsby, then and there unlawfully, feloniously and violently to steal, take and carry away, the said George Richards being them and there armed with a dangerous weapon, to-wit, a pistol, then and there loaded with gunpowder and leaden bullets."

An assault is alleged but the assault is not alleged to have been made with intent to commit any felony defied by the statutes of the State. The indictment does not charge an assault with intent to commit the felony defined by Section 7157 (5055), Compiled General Laws, as amended by Chapter 13792, Acts of 1929, because the indictment does not use the language of the statute or language of equivalent import; and the indictment does not allege that the possession of a dangerous weapon by the person making the assault was "with the intent if resisted to kill or maim the person" or to "wound or strike the person" assaulted; so the indictment wholly fails to allege an assault with intent to commit the felony defined by Section 7157 (5055) as amended by Chapter 13792, Acts of 1929. The indictment does allege an assault with intent to take chattels of Owens from the custody of Hornsby against the will of Hornsby; but the indictment also alleges that the assaulting defendant, Richards, was "then and there armed with a dangerous weapon," which excludes the indictment from a charge of an assault with an intent to commit the felony defined by Section 7158 (5056), Compiled General Laws; therefore the indictment does not charge an assault with intent to commit the felony defined by Section 7158 (5056), Compiled General Laws. This latter statute differs materially from Section 4376, Wisconsin Statutes, considered in Lipscomb v. State, 130 Wis. 238, 109 N. W. 986.

If the indictment charges an assault with intent to commit the common law crime of robbery, the punishment for

such common law crime is under Section 7127 (5025), Compiled General Laws, a period of imprisonment limited to twelve months, while the sentence imposed on the petitioner, Richards, is imprisonment in the State penitentiary for a period of three years. Ferris is sentenced to a like imprisonment of two years. The indictment charged an assault with intent to rob in State v. Norman, 190 Iowa 472, 180 N. W. 151; Traver v. State, 72 Ark. 524, 81 S. W. 615.

If the principal, Richards, is illegally in custody, Ferris is also illegally in custody.

The indictment does not charge an offense under the laws of the State of Florida, therefore the sentence is not authorized by law. The petitioners are released from imprisonment under the sentence as imposed; and the Commissioner of Agriculture is directed to deliver said petitioners to the Sheriff of Hernando County to be held subject to the orders of the Circuit Court in further proceedings not inconsistent with this opinion. See D'Allessandro et al. v. Tippins, as Sheriff, 101 Fla. 1275, 133 So. 332; *Ex Parte* O. Reed, 101 Fla. 800, 135 So. 302.

It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.