MOSBY FINCH and RALPH STOKES v. STATE.

156 So. 489.

En Banc.

Opinion Filed September 10, 1934.

438

Wm. C. Hodges, O. L. Dayton, Zach H. Douglas and Thos. B. Dowda, for Plaintiffs in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

DAVIS, C. J.—The plaintiffs in error were indicted and convicted in the Circuit Court of Putnam County and sentenced to life imprisonment for the offense denounced by Chapter 16063, Acts of 1933, Laws of Florida. From the sentences imposed this writ of error has been taken.

The Count of the Indictment upon which the conviction was entered charges that "one Mosby Finch and one Ralph Stokes * * * did forcibly and secretly confine, imprison, inveigle, and kidnap a person, to-wit: one Adam Sikes, with intent him the said Adam Sikes, to hold for ransom to be paid for the release of him, the said Adam Sikes, the said Mosby Fitch and the said Ralph Stokes then and there being without lawful authority him, the said Adam Sikes, so to forcibly or secretly confine, imprison, inveigle or kidnap" contrary to the statute of the State of Florida in such cases made and provided and against the peace and dignity of the State of Florida.

Chapter 16065, Acts of 1933, is entitled as follows:

"An Act to amend Section 5058, Revised General Statutes, being Section 7160, Compiled General Laws of Florida, 1927, relating to kidnaping and punishment therefor."

The body of the Act provides that: "whoever, without lawful authority, forcibly or secretly confines, imprisons, inveigles or kidnaps any person, *with intent to hold such person for a ransom to be paid for the release of such person,* or any person or persons who aids, abets or in any manner assists such person or persons in such confining, imprisoning, inveigling, or kidnaping such person, shall be guilty of kidnaping a person, and shall be punished by death, unless a majority of the jury shall recommend the defendant to the mercy of the Court, in which event the punishment shall be imprisonment for life in the State Prison." Section 5058 R. G. S., 710 C. G. L., which was thus amended and broadened, originally denounced only the confining, imprisoning, inveigling and kidnaping of any child under the age of fifteen years, with intent to hold such child for ransom to be paid for the release of such child, and made the maximum penalty that might be imposed, life imprisonment.

When viewed in the light of the constitutional requirement that the subject of a legislative Act must be briefly expressed in the title, and must not be misleading, it appears that the Title of Chapter 16063, Acts of 1933, which expressly give notice of an intent to amend a stated section of the Revised General Statutes of Florida appearing in the books under the general heading: "False Imprisonment and Kidnaping" and itself incorporating the term "kidnaping" as a part of the law prior to its amendment, violates no principle of the Constitution, and is therefore not an invalid Act of the Legislature as contended by plaintiffs in error in this case. Bethea v. State, 61 Fla. 60, 55 Sou. Rep. 550; Thompson v. State, 66 Fla. 206, 63 So. 423, Ex *parte* Pricha, 70 Fla. 265, 70 Sou. Rep. 406; Stay v. Central Florida Lumber Company, 104 Fla. 416, 140 Sou. Rep. 320, 141 Sou. Rep. 604.

We hold, therefore, that the title to Chapter 16063, Acts of 1933, amending Section 7160 C. G. L., 5058 R. G. S., relating to the felony of statutory kidnaping, sufficiently complies with Section 16 of Article III of the Constitution of Florida, to support the constitutionality of the Act as to its title. See Sheip Co. v. Amos, 100 Fla. 863, 130 Sou. Rep. 699.

It is next argued on behalf of the plaintiffs in error that the trial court committed reversible error in overruling their motion to quash the indictment on the ground that the allegations thereof are inconsistent and repugnant, and do not set forth a particular statement of facts and circumstances constituting an offense within the terms of the legislative enactment.

An indictment charging a crime substantially as defined by the statute denouncing it, is sufficient, whereby employing the language of the statute, coupled with descriptive details, the nature and the cause of the accusation as stated

could not reasonably mislead or embarrass the accused in concerting his defense. Habershal v. State, 80 Fla. 240, 85 Sou. Rep. 655; Montadoca v. State, 84 Fla. 82, 93 Sou. Rep. 157, 27 ALR 1291. The criticism of the indictment in the present case is based on the contention that inasmuch as the statute does not define "ransom" or "kidnaping" that the facts and circumstances or acts constituting the alleged "ransom" or "kidnaping" should have been set forth. Mills. v. State, 58 Fla. 74, 51 Sou. Rep. 278; Reyes v. State, 34 Fla. 181, 15 Sou. Rep. 875. We agree with the view that good pleading dictates the charging of a crime with more particularity than was used in the indictment in this case. But in view of our statute permitting an indictment to charge an offense in the language of the statute, and forbidding the quashing of indictments unless the court shall be of the opinion that the formal charge is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense (Sections 8368-8369 C. G. L., 6063-6064 R. G. S.). We cannot say that the trial court erred in refusing to quash the indictment merely because it omitted to aver descriptive details of the charge that were necessary to be proved in order to secure a conviction, the omission of which, however, does not bring the indictment within the purview of Section 8369, C. G. L., 6064 R. G. S., *supra.* See Doss v. State, 220 Ala. 30, 123 Sou. Rep. 231, 68 A. L. R. 712.

By Chapter 16063, Acts of 1933, the kidnaping of a person to hold for ransom is made a capital felony. And under that statute the specific intent to hold for a ransom to be paid for the release of the victim is the gist of the offense. It is clear that in raising the nature of the crime denounced to one of a capital character, the legislature did

not intend to punish with death every unlawful restraint or imprisonment of another, however revolting the circumstances of the unlawful restraint or imprisonment might be, but only that particular kind of secret confinement, imprisonment, inveiglement or kidnaping which should be done "with intent to hold such person for a ransom to be paid for the release of such person." Ross v. State, 15 Fla. 55; 35 C. J. 904, par. 5. The 1933 Act was intended to reach and exterminate, through capital punishment, a predatory class of organized criminals that had excited national attention by seizing persons of wealth, reputation or means and holding them captive until an exorbitant money demand or pecuniary reward in the form of a ransom had been paid by the victims, his friends or relatives, as a condition precedent to his being released. The statute is to be construed in the light of its contemporary historical background, when determining what is meant by the word "ransom" as employed in the statute in connection with the phrase "hold such person for a ransom to be paid for (his) release."

At the trial of this case, the court was requested in due course to give the following special charge to the jury, inasmuch as no particular discussion of that phase of the law had been included in the court's general charge.

"The Court further charges you that false imprisonment is the unlawful restraint upon the liberty of another; the direct restraint by one person of the physical liberty of another without adequate legal justification, and you must find from the evidence beyond and to the exclusion of every (reasonable) doubt that all of the elements of false imprisonment exist with the additional ingredient that it was for the purpose of holding the prosecuting witness, Adam Sykes, for a ransom to be paid for the release of such person."

The charge was refused and exception taken to such refusal.

In its general charge to the jury, the Court stated as follows:

"While the indictment charges that the defendants forcibly and secretly confined, imprisoned, inveigled and kidnaped Adam Sikes, in the first count, with intent to hold the person alleged as having been kidnaped for a ransom to be paid for the release of such person, I charge you that it is not necessary for the State to prove that the confining, imprisoning, inveigling or kidnaping was both forcibly and secretly done, but that conviction will be authorized as to either defendant, or both defendants, if you find and believe from the evidence beyond and to the exclusion of every reasonable doubt, that such particular defendant, or that both defendants, either forcibly or secretly confined, or imprisoned, or inveigled, or kidnaped Adam Sikes, as to a conviction under the first count of the indictment."

The giving of a charge was specifically excepted to upon the stated ground that "said charge wholly fails to advise or inform the jury that the indispensable element of the offense charged in the indictment is the intent to hold for ransom to be paid for the release of Adam Sikes."

An instruction which tends to confuse rather than enlighten, and which is calculated to and may mislead the jury and cause them to arrive at a conclusion that otherwise might not be reached by them should not be given, and if given, it is reversible error, especially when an effort was made (but denied) to have a correct charge on the particular point given to the jury by means of a specially requested instruction proposed by the injured party as a means of a specially requested instruction proposed by the injured party as a means of having the jury correctly informed as to the law of the case. Holman Livestock Co.

v. L. & N. R. R. Co., 81 Fla. 194, 87 Sou. Rep. 750; Marshall v. State, 32 Fla. 462, 14 Sou. Rep. 92.

While it is probable that the court used language in his general charge which was not intended by him to inform the jury to ignore consideration of holding 'for ransom as being an indispensable element of the crime denounced by the statute under which the case was being tried, it is evidence from a casual reading of what the court said to the jury that the jury would have been warranted in taking the charge literally as given as authorizing conviction of the defendants for the kidnaping alone, without regard to the element of intent to hold, or holding, for ransom. The particular language used by the trial judge on this point is as follows:

"* * * conviction will be authorized as to either defendant, or both defendants, if you find and believe from the evidence beyond and to the exclusion of every reasonable doubt, that such particular defendant, or that both defendants, either forcibly or secretly confined, or imprisoned, be inveigled or kidnaped Adam Sikes * * *"

When stating to a jury what elements of proof will warrant a conviction for a particular crime concerning which the court is charging the jury, the trial judge must be careful to so state the essential elements indispensable to a conviction, that no less proof than proof of all of them will be considered by the jury as warrant for a finding of guilty.

In the present case certain evidence was offered tending to show that the prosecuting witness' charge against the defendant involving a taking of money from him and his wife, was feigned or pretended in order to establish a condition of dependency necessary to enable the witness to re-establish himself on the Federal dole as a person without financial means of any consequence. Such preferred evidence should have been admitted as tending to throw light upon the truth

and veracity of the witness' version of his own alleged kidnaping, as testified to by him at the trial. It is not an uncommon occurrence as informed persons have observed from frequent accounts in the daily news, that charges of kidnaping and robbery are made up and feigned as a means of accomplishing an ulterior end, or obtaining public notoriety, and where a defense against a charge of this kind is based upon a counter-allegation by the defendant that the supposed kidnaping is a sham and a fake, the court should permit evidence and allow an appropriate cross examination of the prosecuting witness as to matters which may demonstrate the untruthfulness of his charge by showing a motive for, and the probability of, a false accusation on the witness' part that would redound to witness' benefit.

For the error committed by the court in denying the motion for a new trial, the judgment must be reversed and the cause remanded with directions to grant the motion and have further proceedings according to law not inconsistent with this opinion.

Reversed and remanded for a new trial.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.