432 So.2d 758 (1983)
Willie JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AM-491.
District Court of Appeal of Florida, First District.
June 9, 1983.
Michael Allen, Public Defender, and David Busch, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Johnson appeals from a conviction of armed robbery. He asserts that the evidence was insufficient to support a verdict of any offense greater than attempted robbery. The narrow issue in this case is whether there was a "taking" within the meaning of the robbery statute, Section 812.13, Florida Statutes. We believe there was and affirm.
This was a convenience store robbery of a female clerk on December 19, 1981, in Tallahassee. After entering the store with his accomplice, Johnson approached the clerk, threatened her with a knife and demanded all of her money. The clerk replied that she would give them all she had but begged them not to hurt her. The accomplice was carrying a "club" which was subsequently identified as an axe handle. Johnson and his accomplice were positioned in front of the counter and the clerk was behind the counter at the cash register. Pursuant to the accomplice's instructions, the clerk put the money from the register in a paper bag and placed the bag on the counter in front of them. Although Johnson touched the bag, neither he nor his accomplice picked it up. Instead, they turned away from the counter as the presence of surveilling police officers became evident. The accomplice was arrested as he left the store and Johnson surrendered after being ordered to come outside the store.
Robbery is defined in Section 812.13(1), Florida Statutes, as follows:
Robbery means the taking of money or other property which may be the subject *759 of larceny from the person or custody of another by force, violence, assault, or putting in fear. (emphasis added)
The robbery statute in its present form has been with us since 1974. Ch. 74-383, Laws of Florida. However, the "taking" element of robbery was expressly included in predecessor statutes and was also an element of common law robbery. Williams v. Mayo, 126 Fla. 871, 172 So. 86 (1937). We are therefore at liberty to rely upon a broad range of authorities which have addressed this element.
The taking involved in robbery is basically equivalent to the asportation element of common law larceny. Williams v. Mayo, supra; accord Bell v. State, 394 So.2d 979 (Fla. 1981); Martin v. State, 379 So.2d 179 (Fla. 1st DCA 1980). The asportation required for the crime of larceny may be completed by the slightest removal of the article from its original position or place where the owner placed it or wanted it to be. Lyons v. State, 47 So.2d 541 (Fla. 1950); Driggers v. State, 96 Fla. 232, 118 So. 20 (1920). Fitch v. State, 135 Fla. 361, 185 So. 435 (1938). In Driggers, supra, a case wherein the defendants were charged with larceny of a cow, the court stated:
By the act of these accused persons [the animal] was removed from a standing position to a prone position upon its side. The act was done for the purpose of depriving the owner of his property without his consent and to appropriate it to the use of the slayers of the beast, but there was no actual removal of the carcass from the spot of ground where it lay when it fell.
Our interpretation of the Florida authorities is also consistent with the general law on the subject. As stated in 77 C.J.S., Robbery, § 3:
In order to constitute robbery there must be a taking or asportation. In other words, it must appear that the property was taken from the possession of the victim into that of the robber. However, the crime is consummated when the robber acquires possession of the property, even if for a short time, and it is not necessary that the property be taken into the hands of the robber, or that he should have actually carried the property away, out of the physical presence of the lawful possessor, or that he should have made his escape with it. Further, the distance the property is taken may be very small, the slightest change of location whereby dominion of the property is transferred to the offender being sufficient to establish asportation.
At first blush, appellant's argument that, at most, there was only an attempted robbery would appear to have merit. However, examination of the facts in this case in the light of the above applicable authorities demonstrates that the element of taking was clearly satisfied. The clerk was required by appellant and his accomplice to remove the money "from its original position or place where the clerk wanted it to be" and to place the bag containing the money on the counter in front of them. In doing so, the bag came within the dominion and control of the appellant and his accomplice, and the asportation, or taking, was complete. This would be so even if the appellant had not, as the victim testified, momentarily touched the bag.
The judgment is therefore AFFIRMED.
LARRY G. SMITH and JOANOS, JJ., concur.