ERVIN, Judge,
concurring and dissenting.
I thoroughly agree with the majority’s opinion that the instruction given by the lower court was irrelevant to any fact in issue, and that the giving of it, under the circumstances, was error. I strongly disagree, however, with the conclusion that, while error, it can be considered only harmless error. The Florida Supreme Court, in a number of recent opinions, State v. Marshall, 476 So.2d 150 (Fla.1985); State v. DiGuilio, 10 F.L.W. 430 (Fla. August 29, 1985); State v. Murray, 443 So.2d 955 (Fla.1984), has adopted the harmless error rule announced by the United States Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The test to be applied in determining whether the error can be considered harmless is, but for the specific error involved, “ ‘is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?’ ” State v. Marshall, 476 So.2d at 152 (quoting United States v. Hasting, 461 U.S. at 510-11, 103 S.Ct. at 1981-82). Additionally, “[t]he burden to demonstrate that the error is harmless rests on the state but, if the state can demonstrate that the error was harmless beyond a reasonable doubt, a new trial is not mandated.” State v. DiGuilio, 10 F.L.W. at 432. I submit that it is impossible to conclude on the basis of this record that the error is harmless beyond a reasonable doubt.
The lower court’s instruction in the present case was in effect an improper comment on the evidence, by advising the jury that because the defendant was the aggressor, the victim had the right not to retreat but rather had the right to meet the defendant’s use of deadly force with equal force. The impression such an instruction conveys is to negate the only defense that defendant had available to him — that of self-defense. The charge implicitly told the jury that the defendant had no right to be where he was or to use the force employed, contrary to the established principle that trial courts should ordinarily refrain from commenting on the weight, character or credibility of the evidence adduced. Raulerson v. State, 102 So.2d 281 (Fla.1958); Abrams v. State, 326 So.2d 211 (Fla. 4th DCA 1976).
The devastating effect the court’s instruction had upon the defendant’s defense of self-defense was compounded by the arguments made by the prosecutor before the jury, stating that defendant had no right of self-defense:
He doesn’t have the right to claim self-defense_ [S]o in summary the defendant cannot believe that the victim is that violent a person, armed himself, going to that victim’s home and go in that when that victim exercises his real right to defend his home. That’s the law, and you are under an obligation to follow that.
So even if you believe the defendant’s story as I said earlier, if you believe his story, he is still guilty because if you carefully follow the law of self-defense it doesn’t apply in this case, but I am not suggesting, ladies and gentlemen, that you should believe this story because I think you will find it’s inconsistent once you examine it carefully.

I told you earlier that even if Gene had the shotgun this man was not justified in shooting him because it was Gene’s own home, and he has a right to defend his home....
Because the instruction as given was confusing and contradictory, I consider that it must be held prejudicial, requiring reversal of the conviction and a remand of the case for a new trial. See Finch v. State, 116 Fla. 437, 156 So. 489 (1934); *1337 Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971).