594 So.2d 806 (1992)
Onelio G. GARCIA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-3390.
District Court of Appeal of Florida, First District.
February 7, 1992.
Rehearing Denied April 3, 1992.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Suzanne G. Printy, Asst. Atty. Gen., for appellee.
*807 ZEHMER, Judge.
Garcia appeals his convictions of kidnapping, armed burglary with assault, armed robbery, and aggravated battery, and also appeals his sentence as a habitual violent felony offender. We affirm all issues for the following reasons.
We reject Garcia's argument that it was error for the trial court to deny his motion for judgment of acquittal on the kidnapping charge based on grounds that the state failed to prove facts showing confinement of the victim that were distinct from the facts supporting the other three offenses committed during the brief episode in which the victim was forced back into the car she was leaving. The facts in this case were sufficient to satisfy the legal test laid down in Faison v. State, 426 So.2d 963 (Fla. 1983).
We likewise reject Garcia's argument that the court erred in denying his motion for judgment of acquittal on the armed robbery charge asserting as grounds that the state failed to present sufficient evidence to establish the taking element and affirm this issue on the authority of Johnson v. State, 432 So.2d 758 (Fla. 1st DCA 1983).
Thirdly, we find no merit in Garcia's argument that his convictions for both aggravated battery and burglary with intent to commit an assault while armed, being based on the single act of pushing the victim into her car at knifepoint, are in violation of the statutory prohibition against multiple convictions for offenses having identical elements found in section 775.021, Florida Statutes (1989), and in violation of the state constitutional prohibition against double jeopardy. Contrary to his contention, the several offenses of which Garcia was convicted did not contain identical elements. The state charged him with armed burglary with intent to commit an assault, not with intent to commit a battery, as it was authorized to do by section 810.02, Florida Statutes (1989). The state charged aggravated battery with a knife as a separate offense. The elements of assault [§ 784.011, Fla. Stat. (1989)] and the elements of battery [§ 784.03, Fla. Stat. (1989)] are distinctly different, and assault is not a necessarily lesser included offense subsumed in the offense of battery. See Rodriguez v. State, 263 So.2d 267 (Fla. 3d DCA), cert. denied, 267 So.2d 330 (Fla. 1972). Cf. Nelson v. State, 157 So.2d 96 (Fla. 3d DCA 1963), cert. denied, 165 So.2d 178 (Fla. 1964), disapproved in State v. White, 324 So.2d 630 (Fla. 1975). The facts in this case support Garcia's convictions of both offenses.
Garcia's challenges to the constitutional validity of the habitual violent felony offender statute, section 775.084, Florida Statutes (1989), are devoid of merit for the reasons expressed in Pittman v. State, 570 So.2d 1045 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 166 (Fla. 1991), and Perkins v. State, 583 So.2d 1103 (Fla. 1st DCA 1991). We also reject his argument that the offenses of kidnapping, armed burglary, and armed robbery, being first degree felonies punishable by life imprisonment, are not punishable under the amended habitual felony offender statute because this court has ruled to the contrary in Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991).
AFFIRMED.
SHIVERS and KAHN, JJ., concur.