McDonald, PARKER LEE, Senior Judge.
The appellant challenges the denial of his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, and reverse in part.
Because there is competent and substantial evidence to support the trial court’s denial of claims 1 and 2 following an evidentiary hearing, we affirm the denial of those claims without comment. We also affirm the trial court’s denial of appellant’s request for appointment of postconviction counsel as no abuse of discretion has been shown. However, the trial court summarily denied claim 3 and contrary to the state’s argument, the portions of the record relied on by the trial court do not conclusively refute this claim.
In this third ineffective assistance of counsel claim, appellant alleged that he told counsel his prior burglary conviction was actually an unarmed burglary of a dwelling, a second degree felony worth 30 points, but it was scored as an armed burglary, a first degree punishable-by-life felony worth 80 *593 points. He asserted prejudice in that this error raised his score 50 points, or from the permitted range of 4?/¿ — 9 years to the 7 — 17 year range. He argued that instead of imposing a 17-year sentence, the court should have imposed a maximum of nine years.
The trial court denied the claim on grounds that the scoresheet was accurate, relying on appellant’s predisposition report (PDR) which indicated that although the pri- or burglary had begun as an unarmed burglary, weapons thereby were stolen, transforming the crime into an armed burglary. In his timely and sworn rehearing motion, appellant complained that the trial court incorrectly relied on information as to what appellant had been arrested for and the plea and sentencing documents from that case will prove that he was convicted of a burglary not armed burglary. The trial court denied the rehearing motion without comment.
The scoresheet in the record confirms that if appellant’s allegation that he was never convicted of armed burglary is correct, his score would drop two cells with a maximum of only nine years. The only other record documents pertaining to this claim are one page from his PDR, which simply shows under the offense category, a burglary while armed, stating that appellant removed weapons once inside the dwelling, and a letter purporting to correct the presentenee investigation (PSI) by indicating that appellant was “charged” with armed burglary.
Appellant presented a prima facie claim for relief which none of the documents in the appellate record conclusively refutes and therefore we reverse. See Fla. R.App. P. 9.140(i); see also Brye v. State, 677 So.2d 1357 (Fla. 1st DCA 1996). As appellant correctly points out, these types of documents are merely hearsay. See, e.g., Hamilton v. State, 658 So.2d 1233 (Fla. 1st DCA 1995); L’Homme v. State, 518 So.2d 408 (Fla. 1st DCA 1988) (if the truthfulness of a prior offense is challenged and the only evidence thereof is hearsay, corroboration of that pri- or conviction is required). On remand, the trial court is directed to either conduct an evidentiary hearing or attach documentation conclusively refuting claim 3.
As to appellant’s fundamental error claim raised in his reply brief, arguing that his conviction and sentence for both burglary with an assault or battery, and battery of an elderly person, is a double jeopardy violation, this claim was previously raised and rejected in his direct appeal. There was no error in our review and no change in law to warrant revisiting this claim. Each of these offenses requires a different element of proof which the other does not, so that there is no double jeopardy violation. See, e.g., Garcia v. State, 594 So.2d 806 (Fla. 1st DCA 1992).
Affirmed in part; reversed and remanded in part.
MICKLE and DAVIS, JJ., concur.