BENTON, J.
Robert S. Walker appeals summary denial of his motion for collateral relief from a rape conviction. He alleges that defense counsel was ineffective in choosing to play for the jury an incomprehensible copy of an answering machine tape rather than the original tape, which could be understood. As to this allegation of ineffective assistance of counsel, we reverse and remand for an evidentiary hearing. We affirm otherwise.
During trial, defense counsel played a copy of an answering machine tape that purportedly contained a recording of the victim’s boyfriend saying that the victim had “been beaten [up] and raped” and, immediately afterwards, “I am going to jail.” When a juror complained that she could mot understand the tape, the trial court offered to let defense counsel play the original tape for the jury:
If you want to try it again and you think you can make them understand, the jury, I give you the opportunity to do that because I understand it’s a critical piece of evidence in your case.
If you want to take — if you want to get the initial — if you want to get the little micro and play it on a micro cas *449 sette recorder, I’ll give you a chance to do that.
For reasons that may be developed on remand, defense counsel declined the opportunity to play the original tape. Instead, defense counsel told the jury in closing argument what he thought was on the tape, and requested that the jury take a tape recorder into the jury room so they could listen to the problematic copy again during deliberations.
While the trial judge acted affirmatively in an effort to assure a fair trial, defense counsel spurned his efforts, according to allegations in Mr. Walker’s motion. These allegations make out a prima facie claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring claims of ineffective assistance of counsel allege both that defense counsel’s performance as to a specific act fell below that of reasonably competent counsel and that, but for defense counsel’s alleged deficiency, there is a reasonable likelihood that the outcome would have been different); Rivera v. State, 717 So.2d 477, 482 (Fla.1998) (“In order to establish an ineffective assistance of counsel claim, [a defendant] must show that counsel’s performance was so deficient as to demonstrate that he was not functioning as ‘counsel’ within the meaning of the Sixth Amendment, and, more importantly, that counsel’s deficient performance prejudiced his defense.”).
At trial, Mr. Walker admitted sexual intercourse, claiming the victim had consented, and that her boyfriend beat her afterwards. In his motion, he alleged that defense counsel’s performance was deficient because defense counsel did not provide the jury with an intelligible copy of the answering machine tape recording of the boyfriend’s statement, even though the original tape was available and understandable. The motion also alleged that the jury’s inability to understand exculpatory evidence on the tape affected the outcome of the trial. Alleging both deficient performance and prejudice, the motion meets the Strickland test.
The tapes themselves are not part of the record, and the record does not refute Mr. Walker’s allegations as to the tapes. The trial judge described the contents of the tape as “critical.” The attachments to the order under review do not conclusively disprove Mr. Walker’s claim or obviate the need for a hearing. See Foster v. State, 400 So.2d 1, 2 (Fla.1981); Farmer v. State, 709 So.2d 592, 593 (Fla. 1st DCA 1998). We therefore remand for the trial court to hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
ERVIN and BOOTH, JJ., CONCUR.