WASHINGTON,
*March,*
1841.

### STATE *v.* JEREMIAH CARR, 2d.

In an indictment for larceny, if there is *any testimony tending* to prove that the respondent took the property and removed it, with the felonious intent charged, it is entirely a question to the jury whether the evidence is *sufficient.*

The supreme court can revise only such questions in criminal cases as have been raised and decided in the county court.

*Dictum.*—The jurisdiction of the court in cases of larceny as to property of uncertain value can, probably, only be raised by a plea to the jurisdiction.

THIS was an indictment for stealing two sheep.

Plea, not guilty, and trial by jury.

The testimony given tended to show that the sheep, with a flock, were running in a pasture of one Joel Cilley. One Sabbath, about the middle of October, 1840, two young men went to the field for the purpose of taking the flock down to the house, which they did, and after taking them down, missed one out of the flock, and went back to the field in search of it. After looking the field over, they came near one corner where there were some trees and bushes, which were inclosed in the field by a *slash* fence. They heard a rustling in the bushes, upon which they pursued on, and found a young man, the brother of the respondent, after which they returned into the central part of this piece of trees and bushes, and found one of the sheep killed and partly skinned, and the other tied to a tree. There was evidence tending to show that the respondent, and two of his brothers, caught the sheep and brought them there, and killed one, and tied the other to the tree, with a felonious intent to steal them, and were surprised by the young men coming upon them, and fled. It appears, from the testimony, that one of the brothers, who was a witness in the case, stayed near the place where the sheep were found, while the other two went into the field and caught the sheep ; but there was no direct evidence where the sheep were caught, except that they were depasturing in that field, and that the brother, who was a witness, stopped near where the sheep were found, and did not see the sheep caught, but saw them after they were caught.——The court charged the jury that if the respondent, with a felonious intent to steal, took the sheep running in any other part of the pasture, and carried them to the place where found, and then tied one to the tree and killed

and skinned the other, and was only prevented from carrying the sheep further by being surprised, in the manner related, they would return a verdict of guilty against the respondent. The jury returned a verdict of guilty, and the respondent excepted to the charge of the county court.

It appeared, on trial, that the value of the property described in the indictment did not exceed seven dollars.

*J. Bell* and *W. K. Upham* for respondent.

The county court had no jurisdiction of this prosecution, the value of the property, charged to have been stolen, not exceeding *seven dollars.* Revised Stat. 430, § 8; 160, § 8; 170, § 1 and 2; 174, § 46.

The crime charged in the indictment was not committed. There was no *"asportation"* of the sheep. *State* v. *Bartlett,* 11 Vt. R. 634. Roscoe's Crim. Ev. 466, 469, 470. 4 Bl. Com. 229. 2 East's Cr. Law, 553, 556, 557. Arch. Cr. Pl. 192.

The court, as requested by the counsel for the respondent, should have instructed the jury that the evidence was not "legally sufficient" to authorize them to find a verdict of guilty. *Cole* v. *Hebb,* 7 Gill & Johns. 20. *Davis* v. *Davis,* 7 Harris. & Johns. 36.

*J. L. Buck,* state's attorney, for prosecution.

The only question raised by the exceptions is upon the charge of the court to the jury.

The intent, with which the respondent took the sheep, charged to have been stolen, is clearly shown by the disposition he was making of them, when surprised by those in search of them.

And the jury, having returned a verdict of guilty, have found the intent with which they were taken to have been felonious, so that no question is raised by the exceptions but in relation to the carrying away.

As a general rule, any removal of chattels from the place where put by the owner, with a felonious intent, is a sufficient " *carrying away*" to make one liable for larceny.

As, where one takes a horse, and is arrested in the act of leading him from the enclosure of the owner; or, where one takes goods in an inn and carries them down stairs, and is

arrested before he gets out of the house ; or, where one takes

plate from a chest and lays it upon the floor, but is surprised before he can carry it away; or, when one removes goods from one end of a wagon to the other, but is detected before he gets them out. 2 Russell on Crimes, 95. Archbold's Pl. and Ev. 190. 4 Black. Com. 231, and note.

In all the cases above cited, the property was not carried off the premises of the owner ; but it was held, that, being taken with a felonious intent, and under the control of the respondents, it was larceny.

So in the case at bar, the sheep were taken by the respondent in the pasture and carried into the thicket for concealment, and were entirely under his control.

It is, therefore, insisted that the charge was correct, and the conviction of the prisoner right.

The opinion of the court was delivered by

COLLAMER, J.—The present case hardly raises any question of law for the decision of this court. The respondent was indicted for stealing two sheep. It is insisted that there was no sufficient evidence of the asportation or the felonious intent. If there was any evidence tending to prove these allegations, it became a mere question for the jury to decide whether it was *sufficient*. If the respondent took the sheep and changed their local position, however little, and did this with the felonious intent charged, it was enough. The bill of exceptions states, that the sheep were missing from the flock and found in bushes or woods, one tied to a tree and the other killed and partly skinned. It then states, " there was evidence tending to show that the respondent and two of his brothers caught the sheep and *brought* them there and killed one and tied the other to a tree, with a felonious intent to steal them." Now this, if believed by the jury, was clearly sufficient.

At the foot of the bill of exceptions, the judge certifies that it appeared on trial that the value of the property did not exceed seven dollars, and a question is now attempted to be raised as to the jurisdiction of the county court.

By our statute, questions of law, in criminal cases, arising on demurrer, on trial by jury, or on motion in arrest, may, in the discretion of the county court as to their importance, be

WASHINGTON, placed on the record and come to this court for revision.
March, To such questions is the jurisdiction of this court confined.
1841.
———— In this case, no question as to the jurisdiction of the county
Blake & Hart court was raised or decided in any way, and therefore none
v. is before us. By the revised statutes the county court has
Parleman. original jurisdiction in larceny only where the value of the
property exceeds seven dollars; but as to property of uncertain value, it would be apparently impracticable to raise or settle the jurisdiction but by a traversable plea on that ground.

Exceptions overruled.   Sentence passed.