State *v.* Nutting et al.

⇢⇢⊸🌍⊶⇠⇠

STATE *v.* PRESCOTT NUTTING AND ALONZO NUTTING.

\

The Revised Statutes having made horse stealing larceny, the question does not now arise, which might under the former statute, in reference to the joinder of horse stealing and simple larceny in the same count of an in-dictment.

If an information, containing but one count, be filed against a respondent, for larceny in stealing divers articles of personal property, some of which are above the value of seven dollars, and others below, and the respondent be found guilty of stealing but one article, and the jury find that the value of that article was below seven dollars, the case will, on motion, be dismissed for want of jurisdiction in the county court.

INFORMATION in one count, alledging that the prisoners feloni-ously did steal, take, and carry away "one bay horse of the value of seventy dollars, one bay mare of the value of sixty dollars, one sad-dle of the value of ten dollars, and one bridle and martingal of the value of five dollars."   The jury returned a verdict that the defendants were guilty as to the saddle, and not guilty as to the other articles named,—and that the value of the saddle was two dollars and twenty five cents.   The respondents filed a motion

that no judgment be rendered, and they be discharged,—setting forth, as reasons, that the information was defective in joining the different articles in the same count, and, also, that the county court had no jurisdiction of the case. The county court overruled the motion. Exceptions by respondents.

*E. D. Barber* for respondents.

The motion in arrest should prevail, because,

I. The offence, of which the respondents have been found *guilty*, is not within the jurisdiction of the county court to try or to punish. By the statute the county ʻcourt has jurisdiction of all offences within the county, *except such* as are made cognizable by a justice. Rev. Stat. p. 160, § 8. And all larcenies are made cognizable by a justice, where the property stolen does not exceed seven dollars in value. Rev. Stat. p. 430, § 8. In this case the value of the ·property was two dollars and twenty five cents. Nor is it a sufficient answer to say that the objection can only be taken advantage of by a plea to the jurisdiction; because,

1. The charge of the larceny of the saddle is coupled in the *same count* with a charge for stealing other property of much greater value; and the objection could not have been raised until the jury had severed the charges by their verdict. For the respondents could plead but one plea to the whole count. 1 Chitty's Crim. Law 434. And a plea to the jurisdiction as to the whole count would have been untrue in point of fact, and could not therefore have been sustained. And an objection to the jurisdiction may be taken advantage of in a criminal case under the general issue. 1 East 352. 4 B. & C. 334.

And 2. The statute provides that no person shall be *punished* for any offence, unless he shall have been convicted thereof in a court having competent jurisdiction of the cause. Rev. Stat. p. 424, § 6.

Nor can it be said that the charge embraced in the information, of stealing the other property, gives the court jurisdiction of the larceny of the saddle; for it is conceived that the rule of criminal law is yet to be established, which makes the *jurisdiction of the court* a consequence of the *allegations of the prosecutor*.

II. The information in this case is bad for a misjoinder of offen_ces, because three distinct offences of different grades are charged

State *v.* Nutting et al.

in the same count of the same information. The stealing of the horses, of the saddle of the value of $6.00, and of the bridle of the value of $5.

1. The charges of stealing the saddle, &c., and of stealing the horses, must stand as charges of two distinct and separate offences. For the verdict of the jury has separated the transactions, and they cannot be regarded as charging a single larceny. And though, under certain restrictions, two distinct offences may be charged in the same indictment, the rule is fully established that two offences cannot be charged in the same count. 1 Chit. Crim. Law 253–255, and authorities there cited. Sw. Dig. 383.

2. The offences charged are not only distinct, but of different nature and grade, regulated by different statutes, triable by different courts, and punishable in a different manner. The stealing of the horses is a felony,—the larceny of the saddle only a misdemeanor;— and all the authorities agree that a felony and a misdemeanor cannot be joined, even in the same indictment. 1 Chit. Crim. Law 225, and authorities there cited.

3. Even were the offences the same at common law, yet the offences of horse stealing and of larceny of other property are made entirely distinct in nature and punishment by the statutes of Vermont. Rev. Stat. p. 429, §§ 5, 6. And, as regulated and established by different statutes, they cannot, for obvious reasons, be alledged in the same count. *Commonwealth* v. *Symonds,* 2 Mass. 169.

III. The verdict in this case is bad, if the count is good as charging but one offence; because the jury found the respondents guilty of part of a count which is not properly divisible. Upon this subject the distinction is clearly established. Where a count charges an offence and matter of aggravation, the offence may be found without the aggravation. But when a count charges a larceny of different articles of property, a verdict is bad which convicts of stealing some of the articles only, as being a conviction for another larceny than that charged. 1 Chit. Crim. Law 250—253, and authorities there cited.

*O. Seymour,* state's attorney.

1. The taking of the different articles mentioned in the infor-

State *v.* Nutting et al.

mation is charged as one transaction, done at one and the same time. But, even if distinct larcenies had been committed at different times, the charging of them all in one information would be no ground either of demurrer or of motion in arrest of judgment. 1 Chit. Crim. Law 253. 2 Hall 173. 8 East 41. 2 East's P. C. 515. 3 T. R. 106. 14 Vt. 353.

2. The respondents are charged with stealing divers articles of property, each article apparently, on the face of the information, of sufficient value to give the county court jurisdiction. No plea to the jurisdiction was put in by the respondents, and the county court, after a plea of not guilty has been put in, cannot be ousted of jurisdiction by such finding of the jury as has been had in the present case. *State* v. *Carr*, 13 Vt. 571.

The opinion of the court was delivered by

WILLIAMS, Ch. J. On the petition of the prisoners an information was filed against them by the state's attorney for stealing two horses, a saddle, and bridle; the information contained one count only. It does not appear that there was any misjoinder. Our present statute making horse stealing larceny, the question, which arose under our former statute in relation to joining in one indictment horse stealing and simple larceny, probably does not now arise.

The jury found the prisoners guilty of stealing the saddle only, and not guilty as to the other articles, and found the value of the saddle to be two dollars and twenty five cents. A motion was then made by the prisoners, called in the exceptions a motion in arrest, but in reality a motion to dismiss for want of jurisdiction. All larcenies, when the value of the property stolen exceeds seven dollars, must, be prosecuted by indictment, unless the prisoners, being in custody, request that an information may be filed by the state's attorney; and on conviction, they may be sentenced to confinement in the state's prison for a term not exceeding seven years. Where the property is of less value than seven dollars, the offence is within the jurisdiction of a justice of the peace, who may sentance the prisoner, on conviction, to imprisonment in the county jail. The county court have no jurisdiction over criminal offences which are cognizable before a justice. As it is not always easy to determine

State *v.* Nutting et al.

the value of articles stolen, or of stealing how many of the articles charged the prisoner may be found guilty, it would have been better to have given the county court concurrent jurisdiction, and require them, if the value of the property is under seven dollars, to sentence only to such punishment, and award only such cost, as would have been imposed if the prosecution had been before a justice. This, however, is for legislative action. A jury cannot acquit entirely, when the value of the property is not sufficient to give jurisdiction to the county court.

It was decided, in the case of the *State* v. *Carr*, 13 Vt. 571, that the question of jurisdiction, when the prosecution is before the county court, can only be determined by the court on a distinct motion, or traversable plea;—and this I think should be done before a trial is had on the plea of not guilty. In some cases, however,—and the case under consideration is one,—the question could not be presented before trial, without involving the whole circumstances attending the transaction, and the extent of the prisoner's guilt. Whether the prisoners, in the case before us, took all the articles of property charged in the information feloniously, or whether they took part of them feloniously, and the other without being guilty of any crime, could not be ascertained, until a trial of the case was had. The jury have determined the degree of their guilt, by acquitting them in respect to all the articles, except a saddle of the value of $2.25. This was an offence within the jurisdiction of a justice, and should subject the offenders to no other punishment than a justice could inflict; it was not within the jurisdiction of the county court, and the prisoners availed themselves of the first and only opportunity to present this to the consideration of the court. We are of opinion that they were entitled to the benefit of their motion, and that the county court should have dismissed the cause. The judgment of the county court is therefore reversed, and the cause must be dismissed for want of original jurisdiction in the county court.