# STATE

v.

# ELI GILBERT AND GEORGE BELAIRE.

JANUARY TERM, 1896.

*Criminal law.    Larceny of animal by killing and carry-
ing away.*

Evidence that the respondents killed a steer, which was running
at large in the enclosure of its owner, by striking it upon the
head .with an axe, having the felonious intent to kill it and
carry away the meat, which they did, tends to support an in-
dictment for a larceny of the steer.

Indictment for larceny.    Plea, not guilty.    Trial by jury
at the September term, 1895, Franklin county, MUNSON, J.,
presiding.    Verdict, guilty.    The respondents except.

*C. G. Austin* for the respondents.

The killing and carrying away of the meat of an animal
is not a larceny of an animal.    *Rex* v. *Edwards &
Walker*, 2 R. & R. C. &. C. 497 ; *Rex* v. *Halloway*, 1 C.
& P. 127, 128 ; Bish. Cr. Proc., ss. 708, 710 ; *Rex* v. *Roe*,
11 Cox. C. C. 554 ; *Rex* v. *Gallears*, 1 Den. C. C. 501 ;
Rap. Law Dic., Larceny, p. 264 ; *Rex* v. *Williams*, 1
Moody 107.

*I. N. Chase*, State's Attorney, for the state.

The least taking of the animal into the possession of the respondents was sufficient to constitute a larceny. *Lundy v. State*, 60 Ga. 143, 367; *State v. Jackson*, 65 Car. 305; *Com. v. Luchias*, 99 Mass. 431; *Rex v. Costlet*, 1 Leach 236; *Rex v. Walsh*, 1 Mo. 66; *Rex v. Lapier*, 2 East P. C. 557.

START, J.   The respondents were indicted for the larceny of a white steer, and for receiving a white steer, knowing it to have been stolen.   At the close of the testimony for the prosecution, the respondents moved for a verdict of acquittal, because the evidence did not support the charge of larceny of the steer, or of receiving it, knowing it to have been stolen.   After verdict, and before judgment, the respondents moved that judgment be arrested for substantially the same reasons assigned in their motion for a verdict.

These motions were properly overruled.   The evidence tended to show that, while the steer was running in a shed on the owner's premises, the respondents killed it by means of a blow upon its head with a hammer or axe.   If this fact was found by the jury, it tended to show that the respondents took possession of the steer and exercised acts of control over it while alive, with intent to deprive the owner of his property therein.   If the respondents thus took the steer with the felonious intent to kill it and carry away the meat, and did kill it and carry away the meat, the crime of larceny was made out.

The court instructed, among other things not excepted to, as follows:

"If you find the steer was killed or dropped to the ground by being struck in the forehead with the head of an axe, and if you further find that the respondents had from the start an intention to kill the steer to procure his meat for their own use and benefit, and that in getting the steer into such a position, or so far under their control as to enable one of them to strike the blow, they moved it or caused it to move from the place where they found it, that would be a

sufficient moving to support the charge of larceny of the steer. Anything short of this would fail to constitute such a moving of the steer as the law requires. But it was not necessary to move it off the premises, or out of the enclosure where it was confined, or any considerable or particular distance. In determining whether there was such a removal as I have indicated, you have a right to take into consideration the evidence which tends to show that the steer was running loose, the nature of the animal, and the · manner of its killing. If, in your judgment, an inference that the location of the steer was changed from one spot to another while alive, by the acts of the respondents, follows, beyond a reasonable doubt, from the matters I have stated, then you are justified in finding the fact."

The charge upon this branch of the case was correct, and all that the respondents were entitled to under their requests. It was not necessary that the steer should be moved off the owner's premises while alive, or any considerable distance. The crime of larceny was established if the respondents feloniously killed the steer and carried away the meat and appropriated it to their own use, and, in so doing, moved the steer, while alive, from the place where they found it.

In *State* v. *Carr*, 13 Vt. 571, the respondent was indicted and tried for the larceny of two sheep. It was insisted that there was no sufficient evidence of the asportation, or of the felonious intent, and it was held that, if the respondent took the sheep and changed their local position, however little, and did this with the felonious intent charged, it was enough. In *Frazier* v. *State*, 85 Ala. 17, 7 Am. St. Rep. 21, the respondent was indicted for the larceny of a hog. He shot and killed the hog and covered it with pine tops, in order to conceal it until he could return and secretly remove it, and subsequently did remove it, and it was held that there was such a taking and carrying away as to complete the offence.

*Judgment that there is no error, and that the respondents take nothing by their exceptions.*