JOHN FLOWERS AND EPHRIAM LYLES, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 18, 1915.

CRIMINAL LAW—LARCENY—EVIDENCE.

1.  Where the evidence shows that the defendants ran down and caught a living cow, the property of another, on her range in the woods, and killed her by cutting her throat, and stripped off her hide, and sold such hide to a dealer in the city, leaving her entire carcass in the woods where she was killed, Held: That this constituted larceny of such cow.

2.  Where a witness testifies fully as to the physical signs, tracks, etc., around and about the scene of a crime, it is not improper to permit such signs, tracks, etc., so found to be illustrated, by pantomine of the conclusions carried to the mind by such silent evidence surrounding the scene of the crime.

3. Where a witness describes fully the visible signs, tracks, &c., around and about the scene of a crime, it is not error to permit him to convert into living words the story told by the silent evidences deduced from such signs, tracks, &c.

Writ of error to Criminal Court of Record of Duval County; J. M. Peeler, Judge.

Judgment affirmed.

*A. G. Hartridge,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, C. J.—The plaintiffs in error, hereinafter referred to as the defendants, were tried, convicted and sentenced in the Criminal Court of Record for Duval County for the crime of larceny of one cow of the alleged value of thirty dollars, and by writ of error seek reversal of such judgment of conviction.

The second assignment of error is that the verdict is contrary to the evidence. It is contended in support of this assignment that the information charges the defendants with the larceny of one cow, and that the proofs show that only the hide of the cow was taken and carried away and the entire carcass of the cow left in the woods. This contention is untenable. The proofs show that the cow in question had a young calf between six and eight weeks old, and that while they were on their range in the woods within a mile or two of their owner's home the cow was chased by two men, caught by them and killed by having her throat cut, her hide was stripped off and sold by the defendants to a dealer in hides in the city of Jacksonville,

the entire carcass of the cow, including its head, horns and hoofs with some small portion of the hide around the horns, head and hoofs, being left in the woods where she had been killed and skinned, the young calf being found alive keeping watch and ward within forty or fifty yards of its mother's dead carcass some two or three days after she was killed. The hide sold by the defendants was positively identified by the owner as being the hide that came off his cow whose carcass had been left in the woods stripped of its hide, and he positively identified the carcass as being that of his cow that he had missed for a day or two, by the remnants of hide left around its head, horns and hoofs. Under these circumstances this made out a case of larceny of the cow as charged in the information. Musquez v. State, 41 Tex. 226; McPhail v. State, 9 Tex. App. 164; Kemp v. State, 89 Ala. 52, 7 South. Rep. 413; Croom v. State, 71 Ala. 14; Rawlins' Case, 2 East's P. C. 617; Rapalje on Larceny, section 8.

What we have said disposes of the third assignment of error.

The fourth assignment of error complains of the State's Attorney propounding leading questions to witnesses. Where a witness is unfriendly or unwilling it is permissible to propound leading questions. We do not think the defendants have made any error to appear in this or the eighth assignment that makes the same complaint as to leading questions to witnesses. The trial court according to the transcript on objections being made to the leading character of the questions checked the counsel propounding them at once.

The fifth assignment of error complains of the court permitting one of the State's witnesses to go through a

pantomime before the jury in illustration of two men chasing, catching, throwing and cutting the throat of a cow, and testifying to his conclusions as to how the crime was accomplished. There was no error here; the witness testified fully as to the physical signs, tracks &c. around and about the dead carcass of the cow, and we do not think that it was improper for him to illustrate such signs, tracks, &c. so found there, by pantomine of the conclusions carried to the mind by such silent evidences surrounding the scene of the crime.

The sixth assignment complains of a State's witness being permitted to, testify as to the finding of a living young calf within forty or fifty yards of the dead carcass of the cow in question some two days after she was killed. This evidence was objected to on the ground that the defendants were charged with stealing a cow and not a calf. There was no error here. The evidence was not offered for the purpose of proving the larceny of the calf, but it was admissible as tending to identify the dead carcass as being the mother of the waiting calf, both of whom were known to their owner as his property, and both of whom he had missed for two or three days.

The seventh assignment of error complains of a State's witness being permitted to testify as to two men chasing the cow in question, their catching her and she getting loose and their again catching her and killing her. There was no error here. The witness simply converted into living words the story told by the silent evidences deduced from the signs, tracks, &c., thereabouts that were visible to his eyes and that he described. We think the evidence was ample to sustain the verdict found, and having discussed all the assignments of error argued and presented here without the discovery of error, the judgment of the

court below in said cause is hereby affirmed at the cost of Duval County, the plaintiff in error having been adjudged to be insolvent.

SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ. concur.