ARCHIE DRIGGERS and OTIS SIMMONS, *Plaintiffs in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed July 13, 1928.

*E. M. Magaha,* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant for the State.

ELLIS, C. J.—The plaintiffs in error were convicted of cow stealing and seek reversal of the judgment because they say the evidence failed to sustain the charge.

The facts as disclosed by the record are that the accused in June, 1927, went into a field where there were cattle of Edwin Brown. One of the defendants, Driggers, shot down a red heifer the property of Brown. The other defendant struck the heifer in the throat to bleed it ''just as a butcher would stick one.''

When the animal was shot it fell ''in its tracks.'' The two men were discovered in this act and when they saw that there were witnesses to the transaction they ran away. The only question is; whether the shooting of the animal and stabbing it in the throat after it fell constituted larceny of the animal.

Sec. 5133 Rev. Gen. Stats. denounces the crime of larceny by stealing any heifer, etc., the property of another. It is claimed that there was no asportation of the animal and therefore no larceny.

All the elements of larceny were proved if the killing of the animal and the momentary possession of its carcass by the accused constitute asportation. Larceny is defined to be the ''taking and carrying away from any place at any time of the personal property of another without his consent by a person not entitled to the possession thereof, feloniously with intent to deprive the owner of his property permanently and to convert it to the use of the taker or of some person other than the owner.'' The above is an elaborated composite definition of the offense. See 36 Cyc. 734. The common law defined it, according to Blackstone, as the ''felonious taking and carrying away of the personal goods of another, 4 Blackstone's Commentaries, p. 229, which embraces all the elements contained in the more elaborate definition except possibly the feature described in the last clause: ''and to convert it to the use of the taker or of some person other than the owner,'' designated as

the *lucri causa*; which in some states is repudiated while in others it is deemed essential.

We are not concerned however with this phase of the case as the actions of the accused persons were sufficient to show their purpose to be to appropriate the carcass of the heifer or some part of it to their own use. The evidence also tends to establish the fact that when the accused persons shot the animal, felling it in its tracks that they proceeded to take possession of it which they did by stabbing it in the throat as a "butcher would stick one." They had been engaged in exercising such possession and control over the carcass of the animal for five minutes at least when realizing that they were observed they ran away. There was however no actual removal of the body of the animal either alive or dead except the letting of blood which was flowing from the wound in the neck when the witnesses who observed the whole transaction arrived at the side of the dead animal. By the act of these accused persons the live animal, the property of Brown, was removed from a standing position to a prone position upon its side. The act was done for the purpose of depriving the owner of his property without his consent and to appropriate it to the use of the slayers of the beast, but there was no actual removal of the carcass from the spot of ground where it lay when it fell.

The rule in larceny requires not merely a taking possession but also a carrying away or asportation of the thing taken. Even though possession is taken there can be no larceny without asportation. See 25 Cyc. 22; Long v. State, 44 Fla. 134, 37 So. R. 527.

It is generally held, however, that the asportation of the property or the carrying away of the same is completed by even the slightest removal of the thing stolen from its original position. See Lundy v. State, 60 Ga. 143,

in which it was held that. the slightest moving from the place in which the goods are left by the owner is sufficient proof of asportation. In that case the defendant shot down a cow the property of another; the animal was ranging in the woods. The defendant took possession of the carcass and proceeded to skin it. When he had progressed half-way in that process he was frightened away, leaving the carcass of the animal where he had felled it. The court held the facts sufficient to show asportation. See also Cross v. State, 64 Ga. 443, where a person killed a hog, the property of another, and was frightened away before he removed the carcass; the Court held the asportation complete.

The theory of the asportation phase of larceny is expressed in 2 Russell on Crimes 152, as follows: "The least removing of the thing taken from the place where it was before with intent to steal it is a sufficient asportation, though it is not quite carried away."

See Molton v. State, 105 Ala. 18, 16 So. R. 795, where it was held if one shoots a hog of another with intent to steal it and kills it and the possession of the owner is severed by the taking of actual possession by the accused for an appreciable period of time, he is guilty of larceny although the mere killing of the animal did not itself constitute the offense. Also Croom v. State, 71 Ala. 14; Kempt v. State, 89 Ala. 52.

In Flowers v. State, 69 Fla. 620, 68 So. R. 754, L. R. A. (N. S.) 1915E 848 it was held that the killing and skinning of an animal and selling the hide constituted an asportation of the animal sufficient to support larceny when the other elements were present.

The asportation of the thing stolen merely shows the complete termination of the owner's possession and the actual possession of the property by the wrongdoer. The

severance of possession is necessary to be shown therefore, but it is held that the slightest removal of the thing from the place where the owner placed it or wanted it to be and though the transfer of possession existed for a very brief period of time the offense is complete. See Delk v. State, 64 Miss. 77, 1 So. R. 9, 60 Am. R. 46; State v. Carr, 13 Vt. 571.

In this case the owner left the live heifer in the pasture. The defendants, trespassers, with intent to deprive the owner of his property exercised such dominion and control over the animal without the owner's consent that they killed it, causing it to fall and lie upon its side, and then proceeded to prepare the carcass for beef. We think the offense was committed within the view of the modern cases and that the evidence fully sustains the charge and there was no error in the judgment.

We find no error in the record so the judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.