JOHNSON, Judge.
Appellants seek reversal of a judgment of conviction after a jury trial on charges of larceny of a cow in violation of Section 811.11, Florida Statutes, F.S.A. Appellants filed timely motions for directed verdict for new trial and for judgment notwithstanding the verdict, all of which were denied.
On this appeal, several errors are urged as grounds for reversal, including the insufficiency of evidence to sustain the guilty verdict.
The evidence adduced shows that Mr. Bell had gone off on a Sunday for the day and had left his pasture gate secure. On his return, he found the gate closed but four of his cows were out. Two of his neighbors testified they saw the four cows going past their place between 9 and 10 A.M. with a car following them. The car was coming from the direction of defendant Wright’s house as well as Mr. Bell’s house, and the cows were moving away from Wright’s place. Another neighbor testified he heard a shotgun blast between 9:30 and 10:00 A.M. and also he stated he saw a large car in which were four persons proceeding at a fast rate from the direction of Nixon’s farm where the cows, including the dead one, were found.
Another neighbor testified he learned some cows were loose and inquired to' see if they were his. On his way, he met the defendants in a car. When he arrived at Nixon’s, he ascertained they were not his cows and helped Mr. Nixon pen up three cows. He left to see if they belonged to another neighbor, and when he returned to the Nixon place he saw the four appellants. Two of them were in the car and two of them were lying down trying to *61 hide beside a fourth cow which had been shot, whereupon he went and called the sheriff. When the latter arrived, the witness stated, the four appellants were leaving the scene in another car. The sheriff gave chase and apprehended the appellants and returned them to the scene on the edge of the road where the dead cow lay.
The bootprints at the scene matched boots worn by the appellants. All of the appellants except Jackson had knives in their possession at the time of arrest. Additionally, the arresting officer found a shotgun in the trunk of appellant’s car, and the evidence showed that the cow in question was killed by a shotgun.
The appellants all took the stand and denied they stole the cow in question; they denied they let the cows out of the pasture; and, they denied they killed the cow. Indeed, they denied they were present at the scene where the dead cow lay until they had been taken there by the arresting officers. Of course, the evidence given by eyewitnesses, which was evidently believed by the jury, clearly places the appellants on the scene where the dead cow lay. It goes without need to recite authorities that conflicts in testimony are within the jury’s province to resolve, and on appeal the reviewing court will assume the existence of that set of facts supported by the evidence which is adverse to- the losing party.
Although the appellants denied their presence at the scene, there was ample evidence based on which the jury could find that they were there. Moreover, there was ample evidence that the appellants were driving slowly in a car on the road from Wright’s place on past Bell’s toward Nixon’s behind the four cows. And, also there was evidence that shortly they drove away and then backtracked and drove back toward Wright’s house.
To emphasize and further sum up the evidence, the record reveals that the State’s witnesses unqualifiedly identified the appellants; saw them at the scene of the crime, at the dead cow; saw two' of them, unexplainedly lying down close to the dead cow; saw the two cars, with one driving four cows down the road, one of which was the cow later found dead, shot by a shotgun; that skinning knives were on three of the appellants, and a shotgun in the car in which the appellants were riding; further, the bootprints found at the site of the shot cow matched the boots the appellants were wearing at the time when they were arrested, which was 30 to 45 minutes after the appellants had been seen by the State’s witnesses.
The testimony of each of the appellants was along the same general trend, except for some conflict about directions as to location of certain land. It is apparent to us, and it must have been to the jury, that the appellants were vague about why they were in the vicinity of the cow killing, and especially why two of them were hiding behind or lying down by the killed cow or yearling. It appears to us that the evidence was ample to sustain the finding of the jury. The mere fact that the appellants denied their presence at the scene, in the face of such unequivocal evidence of the fact that they were, was enough to cause the jury to weigh the evidence for and against the appellants with more scrutiny than they probably would have done if the appellants had admitted their presence and attempted to explain the same.
It is contended by the appellants, or at least by one or more of them, that the evidence was insufficient to sustain the verdict of guilty under the Statute, Florida Statute 811.11, F.S.A., that the evidence failed to show that the possession of the dead yearling was against the will of the owner or against his consent. We think, and so hold, that the total circumstances substantiated by the evidence refute the appellants’ contention, as was held by the Supreme Court of Florida, in the case of Driggers et al. v. State, 96 Fla. 232, 118 So. 20 (1928) and authorities cited therein.
*62 The circumstantial evidence in this case was so substantial , and unexplained by the appellants, that we think the trial court was correct in denying a motion for a directed verdict of not guilty, and that the jury was correct in finding the appellants guilty. All the issues on appeal raised by appellants are treated as being answered by this opinion or as being without merit.
For these reasons, the convictions are affirmed.
MILLS, Associate Judge, concurs.
SPECTOR, C. J., dissents.