SPECTOR, Chief Judge
(dissents):
I respectfully dissent from the judgment of affirmance by the majority of the court.
Appellants contend that in absence of direct evidence that they stole and killed the cow in question, the State’s case must fall and the motion for directed verdict for the defense should have been granted. The appellee contends that although there was no direct evidence of appellants’ guilt, there was ample circumstantial evidence to support the jury’s verdict. In my view, it is clear from the record on appeal that there is a shortage of direct evidence to support the verdict. No one testified that they saw appellants steal the cows or saw them kill the cow found dead. Accordingly, there remains only the circumstantial evidence which appellants say is too inconclusive.
The information against appellants charged that they “did then and there steal, take and carry away a certain cow . . . with intent to permanently deprive [the owner] of his property.” In Flowers v. State, 69 Fla. 620, 68 So. 754, the court held that the killing and skinning of an animal and selling the hide constituted an asportation of the animal sufficient to support larceny when the other elements were present. In the case at bar, there was no evidence that it was any of the appellants who killed the cow. The evidence that the appellants had a shotgun in the trunk of their car is hardly conclusive since many people carry a shotgun in the car trunk, especially in rural areas. There was no evidence that the appellants had on their possession any shells similar to the size shot which killed the cow. It might have been killed by their shotgun. On the other hand, it might not have been. I agree with the contention of appellants that there exists a strong analogy between the case at bar and Terzado v. State, 232 So.2d 232 (Fla.App.1970), where the court reversed a second degree murder conviction because the circumstantial evidence was insufficient. The court stated at page 233:
“The evidence upon which the conviction rests is entirely circumstantial. While the conviction of a crime may rest upon circumstantial evidence, such evidence must be of a conclusive nature and lead to the conclusion that the accused and no one else committed the offense. It is not sufficient that the evidence creates a probability of and be consistent with guilt. The evidence must be inconsistent with innocence.”
To like effect, the court reversed a conviction based on circumstantial evidence in Davis v. State, 90 So.2d 629 (Fla.1956), where the court said:
“Even though the circumstantial evidence is sufficient to suggest a probability of guilt, it is not thereby adequate to support a conviction if it is likewise consistent with a reasonable hypothesis of innocence.”
In the case at bar, the strongest evidence introduced against appellants was that they were present at the place where the dead cow was found and two of them were lying down on the ground alongside the cow, but even that, coupled with the fact that they took flight when a witness approached, is insufficient to show that they stole and killed the cow. Such evidence that they were there where the crime occurred was insufficient to sustain the conviction. In *63 absence of more definitive testimony linking the appellants to the stealing and killing of the cow in question, the motion for directed verdict made by the defendants at the end of the State’s case should have been granted.
I would reverse the conviction for the reasons discussed above and therefore I respectfully dissent.