313 So.2d 433 (1975)
BOARD OF REGENTS of the State of Florida, a Body Corporate for and On Behalf of the University of Florida, Appellant,
v.
Philip J. VIDEON and Career Service Commission, Etc., Appellees.
No. W-441.
District Court of Appeal of Florida, First District.
May 15, 1975.
Rehearing Denied June 23, 1975.
*434 Thomas S. Biggs, Jr., and Judith A. Brechner, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Stephen F. Dean, Asst. Atty. Gen., and Philip A. Delaney, for appellees.
McCORD, Judge.
This is a petition for writ of certiorari to review an order of the Career Service Commission of the State of Florida. Respondent, Philip J. Videon, was discharged from his employment by the University of Florida for misappropriation of University property (700 pounds of used copper wire). He appealed his dismissal to respondent, the Career Service Commission, and after a full hearing, the Commission reduced the discipline to suspension without pay, finding that the "agency failed to show by the greater weight of the evidence the appellant's specific criminal intent to wrongfully deprive the University of its property and ... the Commission finds that the action is this instance was too severe, in the absence of criminal intent." The Commission further found:
"The Appellant testified that Leslie F. Hopkins, a co-worker, told him several times that it was all right to take the wire because it was to be thrown away, and that he, Hopkins, had the authority, or at least the apparent authority, to make such representation."
The Career Service Commission notes the testimony of eye witnesses to the taking, which indicates that the Appellant's actions were in the open, and did not evidence a covert act, perpetrated with a criminal intent."
The Commission concluded:
"(1) The Appellant's act lacked criminal intent and was, instead, the result of incredibly poor judgment.
(2) The Appellant's error in judgment, however, and his failure to follow approved methods of obtaining surplus property does warrant disciplinary action."
Petitioner contends that it is not necessary that it prove specific criminal intent to support dismissal of an employee for misappropriating University property; that the order of the Commission is not supported by competent substantial evidence.
§ 110.061, Florida Statutes, governs the procedure for disciplining employees who are under the State Career Service Commission. It provides as follows:
"(1) Any employee who has permanent status in the career service may only be terminated for cause by the agency or officer by whom he is employed.
(2) (a) The department shall establish rules and procedures for suspension, reduction in pay, transfer, layoff, demotion and dismissal of employees in the career service for cause and for the investigation and hearing of appeals by the career service commission on such actions.
(b) Written notice of such appeal shall be filed with the commission within twenty days from the date on which notice of suspension, reduction in pay, transfer, layoff, demotion or dismissal is mailed to the employee. All notices to the employee shall be in writing sent by certified mail with return receipt requested.
(c) The commission shall, within thirty days after hearing such appeal, make its finding and decision, copies of which shall be transmitted to the employee, the employing agency concerned, and the department.
(3) The career service commission may order the reinstatement of an employee, with or without back pay, which order shall be binding on the agency or officer concerned. The action of the commission shall be in writing and shall be served on the parties to such appeal either in person or by mail.
(4) The exercise by the career service commission of the powers, duties, and functions prescribed by this section shall *435 be reviewable only by the judiciary on the grounds that:
(a) The commission did not afford a fair and equitable hearing;
(b) The decision of the commission was not in accordance with existing statutes or rules and regulations promulgated thereunder; or
(c) The decision of the commission was not based on substantial evidence."
While under the above statute the proceeding before the Career Service Commission is termed an appeal, it is in reality a hearing in which the disciplining agency presents evidence in support of the action it has taken and the employee may present evidence in opposition thereto. After such hearing, the Commission may affirm the action taken by the agency or (as stated in subsection (3) of the above statute) it may order the reinstatement of the employee, with or without back pay. The action of the Commission is then subject to review by this Court on the three grounds listed in subsection (4) of the above statute. The ground raised here by petitioner is the third  that the decision was not based on substantial evidence. As a corollary to this ground, it contends that it was not required to prove specific criminal intent.
Here, the charge was misappropriation of University property and petitioner had the burden of fully proving the charge. Under the University of Florida guidelines for standards of disciplinary action which it furnishes to its career service employees to advise them of the disciplinary action which may be taken against them for offenses specified therein, there is no mention of misappropriation of University property. The guidelines do, however, list stealing as an offense and provide that the employee may be dismissed for stealing. Stealing, of course, is another name for larceny. Apparently, petitioner intended this to be a charge of larceny (or stealing). Such would appear from the evidence presented. No point has been raised as to the sufficiency of the charge, however.
An essential element of every larceny is the intent of the offender to permanently deprive the owner of the possession, use, and enjoyment of his property and to convert that property to the use and enjoyment of the offender or some other person. The lack of any criminal intent by the employee may be considered by the Commission in exercising its authority under subsection (3) of the statute.
The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. The intent may be presumed from the facts and circumstances surrounding the act of taking. It is then incumbent upon the taker to go forward with the evidence and show a lack of criminal intent on his part. Such can be done by presenting evidence that it was an honest mistake; that he believed he had a right to apply the property to his own use. When a taking or appropriation to one's own use is with an honest belief that the taker has the right to take the property (to apply it to his own use), there is no larceny, even though the taker may have been mistaken.
There is competent substantial evidence in this record to the effect that the employee thought, and had reason to think, from what he was told by his co-worker, Hopkins, that he had the right to take the property  that it was discarded property of no further use to the University and which the University had no objection to his having. Even if we were inclined to find otherwise, we could not substitute our judgment for that of the Commission since there is competent, substantial evidence to support the Commission's findings. The statute (§ 110.061, Florida Statutes) does not authorize the Commission to suspend an employee but only authorizes it to order reinstatement with or without back pay. Although the Commission's order termed this action a suspension, *436 its effect was to reinstate petitioner without back pay.
Petition for writ of certiorari denied.
RAWLS, C.J., and HARDING, MAJOR B., Associate Judge, concur.