JOHNSON, Judge.
This is a petition for a writ of certiorari seeking to reverse the Order of the Career Service Commission which “amended” the University of Florida’s action in firing an employee who was caught stealing University property.
The “amended order” almost amounted to making a nullity of the University of Florida’s Order of dismissal of the employee.
The opening statement of the case as contained at page v of the Brief of the Career Service Commission gives us about the whole picture as it existed, and we will not attempt to improve thereon:
“The University of Florida discharged the employee, Hopkins, for misappropriation of University property. The employee, Hopkins, appealed said dismissal to the Career Service Commission. The Career Service Commission heard the appeal and entered its order dated August 16, 1974. The Respondent, University of Florida, filed its Petition for Writ of Certiorari seeking review of the Career Service Commission’s order.”
The employee was caught stealing, and when caught, confessed. There were other *776 incidents which left the employee without an untarnished record.
The Career Service Commission, admitting the guilt of this employee but refusing to hear evidence as to other wrongdoings, summarily reversed the University of Florida, and without statutory authority amended the dismissal to a suspension of about 6 months. We cannot find any statutory authority for the Career Service Commission to alter the judgment of the University of Florida’s employing authority by altering the length of time for dismissal. The statute does authorize the Career Service Commission to affirm, to reinstate with or without back pay; but it cannot affirm the finding of guilt and then mitigate the sentence in any other manner than to reinstate without pay.
If this is the correct procedure as followed in this case, we think the Legislature should revise the powers of the Career Service Commission to make it the last court of appeal. Under the rules as now promulgated, it is a useless waste of time for the courts to review the Career Service Commission because we have our hands tied to agreeing with the Commission. We cannot conjure up a set of facts in which we could not agree with the conclusion of the Commission, as laid down by its rules of procedure.
We do not think this was the intent of the Legislature and, we reverse the Order of the Career Service Commission and reinstate the University’s dismissal of the employee, Mr. Hopkins.
RAWLS, C. J., concurs.
McCORD, J., specially concurs.