JOHNSON, Judge.
This is a petition for writ of certiorari to review an Order of the Career Service Commission which quashed the Order of the petitioner herein dismissing four employees and reinstated said employees with 30 day suspensions and full back pay from June or July of 1974.
The facts from which this case arose are: four psychiatric aides who were employees of the Department of Health and Rehabilitative Services, Division of Mental Health, employed at the Mental Hospital at Macdenny, Florida, were caught violating their duties as aides. Specifically, they left their duty station without authority by leaving their ward without permission from their immediate supervisor, committed conduct unbecoming as public employees, in that they caused distress and fear to fellow employees which interfered with their duties in rendering patient care, created a distraction in the Mental Hospital, caused the calling in for help of the Slieriff and his deputies and used State property without authority. This conduct caused quite a scene that could have been bad had not the Sheriff and his deputies appeared in time.
After a hearing by the Hospital authorities and the Superintendent of the Hospital, the four aides were first suspended until an investigation was made of the facts and circumstances, and then they were dismissed. Proper notices and copies were served.
In due and proper time, an appeal was filed with the Career Service Commission of the State of Florida. (One member of this Commission, Mr. Lee A. Tafel, was and is the Business Manager and an International Vice-President of the American Federation of State, County and Municipal Employees and also President of Dade County Local No. 1363 AFSCME, AFL-CIO. Section 120.09, F.S., disqualifies this member.)
A hearing was held before the Commission with many witnesses testifying, including the dismissed employees. At the hearing the four employees each admitted the charges made, although two considered their actions to be a joke.
The Commission found the parties guilty, but decided the penalty was too harsh and therefore reduced the penalty to 30 days suspension, quashed the Order of dismissal and directed that they be readmitted with full back pay and restoration of all rights.
There appears to be some division in the thinking of our appellate courts as to how far the Courts should go in treating the Orders of the Career Service Commission. If the employing agency has a fair hearing and finds by competent evidence that the party is guilty as charged, and assesses the penalty, and the Career Service Commission, upon appeal to it, finds that the evidence supports the agency’s findings, then why does the Career Service Commission reverse although finding the employee guilty? Then, if the Career Service Commission reverses the agency, and we review on certiorari and find the original agency was right, should we accept as conclusive and effective the Order of the Career Service Commission as is provided in Section 120.09(3) ?
*20 At this time we do not accept the Order of the Career Service Commission as conclusive, but we do feel that the Legislature should correct something — either make the Commission the last court of appeal or give this Court broader powers to reinstate the agency order when the Commission has in effect affirmed that Order by finding the employee guilty as charged and without mitigating circumstances being present.
In this case, with an unqualified member of the Commission sitting, and finding from the facts that the employing agency was right in its findings of fact and that its penalties were in order, we grant certiorari and the Order of the Career Service Commission is quashed and the Order of the Florida Department of Health and Rehabilitative Services, Division of Mental Health, is reinstated.
Certiorari granted and the Order quashed.
RAWLS, C. J., and McCORD, J., concur.