McCORD, Judge.
This is a petition for writ of certiorari to review an order of the Career Service Commission of the State of Florida.
Respondent Jerry Hunter was employed by petitioner in 1957 as a janitor and was subsequently reclassified as a custodial worker in which capacity he was employed on the date of his dismissal. He was dismissed by petitioner because of absence from duty without authorized leave on two occasions. The first absence was on July 5 and 6, 1972, for which he received a two-day suspension and the recent absence which precipitated his dismissal was on June 7, 10, and 11, 1974. Respondent Commission found from the evidence presented before it that Hunter was absent without leave as above stated; that disciplinary action was necessary and that the rules and regulations of petitioner (which had been approved by the State Personnel Director) provide that a second offense of unauthorized leave by an employee may be punishable by dismissal. The Commission then found that in view of the fact that the first offense resulted in a two-day suspension and occurred in 1972, the dismissal was too harsh a disciplinary action. It reversed the dismissal and ordered that Hunter be reinstated without pay.
Upon consideration of the record, briefs and argument of counsel, we find there was competent substantial evidence to support all of the above findings of the Commission with the exception of its conclusion that dismissal was too harsh a disciplinary action. The authorized penalty for commission of the offense was discharge. The evidence showed and the Commission *780 found that the employee had committed the offense and there was no finding showing justification for the act. If discipline is to be enforced among employees in state agencies, such agencies should not be required to reinstate employees they have discharged for just cause.
Certiorari is granted and the order of the Career Service Commission of October 15, 1974, is quashed.
RAWLS, Acting C. J., and HARDING, MAJOR B., Associate Judge, concur.