323 So.2d 24 (1975)
STATE of Florida, DEPARTMENT OF ADMINISTRATION, OFFICE OF ADMINISTRATIVE SERVICES, Petitioner,
v.
Robert R. HUNTER, Jr., and Ed Duffee, Jr., et al., Respondents.
No. Y-351.
District Court of Appeal of Florida, First District.
November 26, 1975.
*25 David V. Kerns and Bishop C. Holifield, Tallahassee, for petitioner.
Robert R. Hunter, Jr., Career Service Commission and E.C. Deeno Kitchen and C. Everett Boyd of Ervin, Varn, Jacobs & Odom, Tallahassee, for respondents.
SACK, MARTIN, Associate Judge.
By Petition for Writ of Certiorari, Petitioner challenges the order of Respondent Career Service Commission altering petitioner's termination of the employment of Respondent Hunter and reducing the punishment imposed on Respondent Hunter, to a suspension for 90 days without pay.
In view of our past holdings, we again reiterate that "... sole discretion to determine whether the employee is to be dismissed or suspended is vested in the agency, the only limitation being that the disciplinary action must be for just cause. The role of the Career Service Commission on appeal is to determine whether there existed competent substantial evidence to sustain the action taken by the agency and whether the facts establish `just cause'." State of Florida Department of Pollution Control v. State of Florida Career Service Comm. (Hummel), Fla. App. 1st 1975, 320 So.2d 846. As in the Hummel case, Respondent Commission determined that there was just cause for the action taken by the employing agency but decided to modify that action. Because Petitioner's finding of just cause (i.e., willful insubordination) was supported by competent, substantial evidence in the record, the Commission was without authority to alter or modify Petitioner's order of dismissal. See also State of Florida Department of Highway Safety and Motor Vehicles v. Hunter, Fla.App.1st 1975, 317 So.2d 779 and Board of Regents v. Hopkins, Fla.App. 1st 1975, 312 So.2d 775.
We further note that the statute relative to the Career Service Commission's authority does not empower the Commission to alter or modify an agency's action but only to affirm the agency or order that the employee be reinstated, with *26 or without back pay. F.S. 110.061(3) provides in pertinent part: "The Career Service Commission may order the reinstatement of an employee, with or without back pay, which order shall be conclusive on the agency or officer concerned." Thus, the Commission acted outside the scope of its statutory authority in altering Respondent Hunter's dismissal to a 90-day suspension without pay.
Certiorari is granted, and the order of the Career Service Commission dated April 25, 1975, is quashed. The cause is remanded with directions that the Petitioner's order of dismissal be reinstated.
BOYER, Chief Judge, and SMITH, J., concur.