SCHEB, Judge.
Petitioner, Department of Health & Rehabilitative Services, seeks a writ of certio-rari to the Career Service Commission, as respondent, to quash the Commission’s order and thereby affirm the petitioner’s dismissal of the Respondent Stella M. Brum-ley, R.N. We decline to issue the writ.
Nurse Brumley, a Career Service employee, was assigned to the petitioner’s Sunland Training Center at Fort Myers. Her services were terminated by the petitioner on *612 June 2, 1975, on charges of unauthorized j administration of drugs, exercise of poor; judgment in the practice of nursing, failure! to properly follow orders, and insubordina-; tion. She sought a review from the Respondent Commission as authorized by Fla. Stat. § 110.061.
After hearing, the Respondent Commission stated:
“. . . this Commission, finds that the action of the Agency dismissing the Appellant was too harsh and should be altered, and that the Agency failed to offer competent, substantial evidence to support the charges alleged against the Appellant. Accordingly, it is
ORDERED that the action of the j Agency dismissing the Appellant, Stella ' M. Brumley, be altered to a seven-day suspension, in lieu of dismissal, beginning June 2, 1975, to and including June 8, 1975.”
Petitioner contends the Respondent Commission’s action was not in accordance with the existing statutes or rules and regulations promulgated thereunder and was not based on substantial competent evidence.
The Career Service Commission in its review of suspensions, reductions in pay, transfers, layoffs, demotions or dismissals of employees who have permanent status in the Career Service under Fla.Stat. Ch. 110 is governed by Fla.Stat. § 110.061, which provides:
“Suspensions, dismissals, reductions in pay, demotions, layoffs and transfers—
(1) Any employee who has permanent status in the career service may only be terminated for cause by the agency or officer by whom he is employed.
(2)(a) The department shall establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion and dismissal of employees in the career service for cause and for the investigation and hearing of appeals by the Career Service Commission on such actions.
(b) Written notice of such appeal shall be filed with the commission within twenty days from the date on which notice of suspension, reduction in pay, transfer, layoff, demotion or dismissal is mailed to the employee. All notices to the employee shall be in writing sent by certified mail with return receipt requested.
(c) The commission shall, within thirty days after hearing such appeal, make its finding and decision, copies of which shall be transmitted to the employee, the employing agency concerned, and the department.
(3) The Career Service Commission may order the reinstatement of an employee, with or without backpay, which order shall be conclusive on the agency or officer concerned. The order may include an amount to be determined by the commission and paid by the agency, for reasonable attorney’s fees, witness fees, and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee. The action of the commission shall be in writing and shall be served on the parties to such appeal either in person or by mail.
(4) The exercise by the Career Service Commission of the powers, duties, and functions prescribed by this section shall be reviewable only by the judiciary on the grounds that:
(a) The commission did not afford a fair and equitable hearing.
(b) The decision of the commission was not in accordance with existing statutes or rules and regulations promulgated thereunder.
(c) The decision of the commission was not based on substantial evidence.
The Commission’s role as a reviewing board has been defined by a series of judicial opinions during the past few years. In Florida Department of Health and Rehabilitative Services v. Career Service Commission, Fla.App.4th 1974, 289 So.2d 412, the petitioner had discharged one of its employees. The employee appealed and the Commission held that the employer “failed to *613 prove conclusively its charges.” The court there issued its writ, holding that while the burden of proving the basis of termination does rest with the employing agency, the agency need only prove by “preponderance of evidence” that just cause for termination existed.
In Board of Regents v. Hopkins, Fla. App.1st 1975, 312 So.2d 775, the court held the Commission cannot find “just cause” for termination and then exercise its authority to change a dismissal to a suspension. Yet, even where the Commission has termed its order a “suspension,” and that order effectively reinstates the employee, the Commission acts within its authority and its findings should not be disturbed by the court if there is substantial competent evidence to support its order. Board of Regents v. Videon, Fla.App.1st 1975, 313 So.2d 433.
Petitioner argues the Commission cannot decide, as it did here, that dismissal is too harsh and then reduce the employee’s termination to a suspension. In support of its argument, petitioner cites State Department of Health v. Career Service Comm., Fla.App.1st 1975, 315 So.2d 18, where the employing agency dismissed some of its employees for violating their duties as psychiatric aides. On appeal, the Commission agreed the employees were “guilty”, but reduced their penalty to a suspension. On certiorari, the Commission’s order was quashed. Further, petitioner cites State Dept. of Administration v. Hunter, Fla. App.1st 1975, 323 So.2d 24, where after determining that there was “just cause” for the Department of Administration to have terminated some of its employees, the Commission changed the order of termination to a suspension for 90 days without pay. The court granted certiorari and held the Commission was without authority to alter or modify the order of dismissal.
Upon initial reflection, the cases make it understandably difficult to determine the true role of the Commission as an appellate body. Upon closer analysis, the decisions in Dept. of Health and Hunter, supra, relied upon by petitioner for the proposition that the Commission erred in ordering a suspension, are distinguishable. In these two cases, the Career Service Commission found that the employing agency acted with just cause in terminating its employees, but nevertheless, changed the termination to a suspension. In the case before us, the Commission expressly found that the “Agency [petitioner here] failed to offer competent, substantial evidence to support charges alleged against the Appellant [Brumley].” On oral argument the petitioner conceded its burden to prove before the Career Service Commission there was just cause for termination of the Respondent Brumley. Cf., Florida Department of Health and Rehabilitative Services v. Career Service Commission, supra, 289 So.2d 412. Our function is to review the Commission’s ruling to determine whether there was substantial competent evidence before it to support the findings made in the only administrative hearing provided the Respondent Brumley. See DeGroot v. Sheffield, Fla.1957, 95 So.2d 912; Erwin v. Florida State Board of Dentistry, Fla. App.2d 1975, 320 So.2d 2. Numerous witnesses testified for the petitioner and for the Respondent Brumley, and although the evidence was conflicting, the record contains ample evidence to support Respondent Brumley’s contention that she acted in response to orders. In its role as initial fact finder, the Commission has sole authority to determine the credibility of the witnesses.[1] See McFail v. State Board of Dental Examiners, Fla.App.2d 1965, 173 So.2d 458. The Commission obviously placed considerable weight upon Brumley’s testimony and the evidence offered on her behalf.
The Commission’s authority is less clear in ordering that Nurse Brumley’s termination “be altered to a seven-day suspen *614 sion.” Still, we must look to the substance and not the form of the order. The Commission is empowered to order reinstatement of an employee, with or without pay. It argues that, while inartfully worded, its order is tantamount to a reinstatement without pay for the period from June 2, 1975 to June 8,1975, and with pay thereafter. Thus, the Commission seeks to equate its order with the one entered in Videon, supra. It is indeed unfortunate that the Commission choose such language as “suspension”; however, by its action of having found that there was no competent substantial evidence to support the charges against Nurse Brumley, we are persuaded the Commission effectively reinstated her.
Accordingly, the petition for writ of cer-tiorari is denied.
HOBSON, Acting C. J., and GRIMES, J., concur.

. We express no opinion on whether the role of this court or of the Commission might be different in a case where the employee first received a hearing before the employing agency. Cf., State Department of Health v. Career Service Comm., supra, 315 So.2d 18.