GRIMES, Judge.
This is an appeal from a delinquency adjudication predicated upon petit larceny.
Appellant and three others proceeded down the shopping aisles of Zayre’s Department Store placing various items of merchandise in a shopping cart. The group was observed by a Zayre’s security guard who saw them put the merchandise, consisting of wearing apparel, in large plastic garbage bags and then hide the bags under racks of clothing in the front of the store. The group then left the store.
The security staff at the store kept the bags under observation. About 45 minutes later, appellant and his companions returned. After going in and out of the store several times, the group was arrested by police outside of the store. It was determined that they had little or no money and no credit cards. The retail value of the merchandise was $479.
At trial, the judge denied the defense’s motion for judgment of acquittal and found appellant guilty. Appellant argues that the state did not prove the requisite felonious intent at the time the goods were moved within the store. He also contends the movement of the merchandise within the store did not constitute asportation of the goods, a necessary element of the crime charged.
The intent with which an act is accomplished is an operation of the mind. Therefore, it is not always capable of direct and positive proof and may be presumed from the facts and circumstances surrounding the criminal episode. Board of Regents v. Videon, Fla.App.1st, 1975, 313 So.2d 433. In this case, the facts surely indicate an unlawful intent to deprive Zayre’s of the merchandise. The clothes were placed in garbage bags and then hidden. There is no indication that the group intended to go through the check-out procedures and pay for them, since they were virtually penniless when apprehended. Under these circumstances, the finder of fact could properly conclude that appellant had the requisite intent.
The next issue is the asportation or carrying away of the merchandise. In Driggers v. State, 1928, 96 Fla. 232, 118 So. 20, the Supreme Court upheld a conviction for larceny where the defendant had killed a cow and began to prepare the carcass for beef but had not moved it from the place where it had fallen when he was scared away. The court observed:
“It is generally held, however, that the asportation of the property or the carrying away of the same is completed by even the slightest removal of the thing stolen from its original position. . . ”
The appellant moved the merchandise in the store from its place of display to a garbage bag hidden under a clothes rack. This was sufficient movement and transfer of possession to constitute asportation. The defense argues that in a self-service store such as Zayre’s, the customers have implied permission to remove the goods and go through the store with them. That, of course, is correct, if the circumstances show that the customer intends to purchase the goods. However, all actions by appellant and his group indicate that this was not their intent.
In People v. Baker, 1937, 365 Ill. 328, 6 N.E.2d 665, the Illinois court pointed out that one who takes goods of another and places them in a place convenient for removal is guilty, of larceny. The following statement from 50 Am.Jur.2d, Larceny, § 19, aptly summarizes the pertinent crite *981 ria as it relates to larceny in a self-service store:
“§ 19. — Removal to another place on same premises.
Asportation sufficient to support a larceny charge does not require that the goods be removed from the owner’s premises. To remove them with the requisite felonious intent from one part of the premises to another, or from the spot or house where they were found, or even from one place to another in the same room, is a sufficient asportation. However, in the case of a self-service store in which customers circulate through the sales area and take up articles to be paid for at the checkout counter, the mere taking up of goods in the sales area does not constitute asportation unless there is conduct by the actor indicating that his possession is clearly adverse to that of the store, a conditional temporary possession being authorized under these circumstances. On the other hand, the elements of taking and asportation were satisfied where a shopper in a self-service store took goods from the shelf and concealed them in her purse, which was inside a cart containing groceries, because by concealing the articles in her purse separate and apart from the other goods in the cart, the accused acquired complete and exclusive control over the property.”
See also 19 A.L.R. 724, 726; 144 A.L.R. 1383, 1385.
The lower court’s judgment is affirmed, but the case is remanded to correct an error in the formal court order of delinquency which stated the appellant was guilty of grand larceny when the judge found him guilty of petit larceny because he wasn’t sure what portion of the goods appellant put in the bags. RJP 8.140.
McNULTY, C. J., and HOBSON, J., concur.